■ MOLLY BIDES, Individually and as Administratrix of the Estate of ARTHUR BIDES, Deceased, Respondent-Appellant, v. ABRAHAM & STRAUSS DIVISION OF FEDERATED DEPARTMENT STORES, INC., Appellant-Respondent.— In a negligence action to recover damages allegedly sustained by plaintiff in tripping on a loose carpet, defendant Abraham & Strauss (referred to herein as A & S) appeals, as limited by its brief, from so much of a judgment of the Supreme Court, Queens County, entered November 12, 1968, as, upon the trial court's decision after a jury trial limited to the issues of liability, dismissed its cross complaint against codefendent Harry Perlman, Inc. (referred to herein as Perlman). Plaintiff cross-appealed from so much of the judgment as, upon the trial court's decision, dismissed her complaint as against Perlman but, by her brief, has abandoned her cross appeal. Judgment modified, on the law, by deleting the decretal paragraph thereof which dismissed the cross complaint and inserting in its place a provision awarding judgment on liability alone in favor of defendant A & S on its cross complaint against defendant Perlman in pursuance of the jury's verdict. As so modified, judgment affirmed insofar as appealed from, with costs to A & S against defendant Perlman. Defendant Perlman's answer to plaintiff's complaint included an affirmative defense of lack of personal jurisdiction. Defendant A & S served a cross complaint upon Perlman by mail. Perlman served an answer to the cross complaint, but did not assert its jurisdictional defense therein. During the course of the trial, plaintiff's complaint was dismissed as to Perlman after a traverse established that Perlman had not been personally served with the summons. The jury found in favor of plaintiff as against A & S and in favor of A & S on its cross complaint against Perlman. The trial court thereupon dismissed the cross complaint on the ground of lack of personal jurisdiction. The jury's verdict on the cross complaint should be reinstated. The defense of lack of personal jurisdiction may be raised either by motion or in the responsive pleading (CPLR 3211, subd. [e]). Failure to so raise the defense constitutes an appearance (CPLR 320, subd. [b]). An answer is the required responsive pleading to a cross complaint (CPLR 3011). We are of the opinion that Perlman, by its failure to assert the defense of lack of jurisdiction in its answer to the cross complaint, lost that defense as against A & S. As a result, Perlman, although no longer a party to the main action, remains in the case insofar as the cross action is concerned (cf. *Galka* v. *City of Albany*, 285 App. Div. 27, 29; *Meisner* v. *Healcy*, 18 A D 2d 368, 372). We have considered Perlman's remaining contentions and find them without merit. Brennan, Acting P. J., Hopkins, Benjamin, Martuscello and Kleinfeld, JJ., concur.