OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs.
We agree with the court below that, pursuant to section 4407 of the Education Law, the State Education Department has the statutory authority to contract with public as well as private out-of-State educational facilities for purposes of providing educational services to handicapped New York residents unable to find suitable instruction within this State.* We would only add that the statute relied upon by the Commissioner of Education in support of the position that the Education Department can only contract with private out-of-State facilities clearly defines a handicapped child as one who “can receive appropriate educational opportunities from special services and programs to include, but not limited to* * * the special services and programs delineated in subdivision two” of section 4401 of the Education Law. (Education Law, § 4401, subd 1 [emphasis supplied].) Although the services delineated therein include private nonresidential and private residential out-of-State schools. (Education Law, § 4401, subd 2, pars f, h), that statute does not expressly exclude public out-of-State schools and certainly does not qualify the broader grant of authority found in section 4407 of the Education Law which empowers the State Education Department to contract with an out-of-State “educational facility”, be it public or private.
*913 Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Meyer concur in memorandum.
Order affirmed.

 Of course, a handicapped child can be placed in an out-of-State school only upon a determination by the Education Department that appropriate instruction is unavailable within the State and certification by the commissioner as to the handicap or handicaps involved. (Education Law, § 4407, subd 1.)