■ ARTHUR BARTLEY et al., Respondents, v LILLIAN REEDMAN et al., Respondents, and BERNARD DUPLISEA, Appellant. — Order, Supreme Court, New York County (Ascione, J.), entered October 14, 1981 denying the motion of defendant Bernard Duplisea (Duplisea) to dismiss the cross claim of codefendant Frances Bond (Bond) for lack of in personam jurisdiction, affirmed, with costs. On September 3, 1971, while traveling on Route 3 in Levittown, Pennsylvania, a motor vehicle of defendant Lillian Reedman (Reedman) became disabled. Defendant Bond, who was driving her vehicle behind the Reedman vehicle, came to a safe stop behind the Reedman car. Defendant Duplisea, who was driving his car behind the Bond car, was unable to stop and skidded into the Bond car which then struck the Reedman car. Plaintiff Delcida Bartley (Bartley), a passenger in the Bond car, was allegedly injured. Bartley and her husband sued Reedman, Bond and Duplisea in this New York action. Defendant Duplisea answered the complaint, alleging in part by way of affirmative defense that the court lacked jurisdiction by reason of the failure to effect service upon him properly pursuant to statute. In addition, invoking the court's jurisdiction, Duplisea cross-claimed against Reed and Bond, asserting that his liability, if any, was secondary to and derivative of their negligence. In response, Bond denied the allegations of the Duplisea cross complaint and asserted her own cross complaint against Duplisea, alleging that Bond's liability, if any, was secondary to and derivative of Duplisea's negligence. Duplisea answered Bond's cross complaint by a denial, but failed to reallege the jurisdictional deficiency asserted in his answer to the plaintiffs' complaint. Motions by Reed and Duplisea to dismiss the complaints as against them on jurisdictional grounds were granted. A subsequent motion by Bond to dismiss the complaint on jurisdictional grounds was denied upon the ground of laches. Seven years after service of Bond's cross complaint, Duplisea moved to dismiss that cross complaint upon the ground that since plaintiffs' action had been dismissed for lack of jurisdiction over Duplisea, the court had no jurisdiction over the cross complaint of Bond against Duplisea. The order appealed from denied Duplisea's motion. The dissent concludes that this was error because jurisdiction as to Bond's cross claim depends on the original jurisdiction obtained by the service of plaintiffs' summons. It asserts that not only was jurisdiction derivative from plaintiffs' attempted service on Duplisea, but that the claim itself was substantively derivative. It further asserts that the cross

claims were only that if plaintiffs succeeded against a particular defendant, that defendant would demand indemnification over against other defendants. This overlooks the pleadings and the legal relationships among the parties. In the light of the nature of the accident, which stands undisputed, there is no way in which the liability of either Bond or Duplisea or both of them could be derivative from or secondary to the negligence of the other. Despite the form of the pleadings, the claim could not be one for indemnification. Whatever the claims were worth, they were claims for apportionment of liability based upon the independent negligence, if any, of each of the parties. In a three-car collision case, the problem is not one of indemnification. The issue is rather an apportionment of liability depending upon the negligence of each of the vehicles. It may well be that Duplisea could rely upon his plea of lack of jurisdiction as against the plaintiff Bartley as a basis for defeating Bond's claim against him, had Duplisea not originally asserted an affirmative claim against Bond. But that is not the case. Duplisea was not content merely to assert a defense against Bond. Before Bond ever asserted a claim against Duplisea, Duplisea affirmatively sought judgment against Bond, without reserving any claim of lack of jurisdiction. Duplisea thereby sought to invoke the jurisdiction of the court (*Bides v Abraham & Straus Div. of Federated Dept. Stores,* 33 AD2d 569). The decision of this court in *Katz & Son Billiard Prods. v Correale & Sons* (26 AD2d 52, affd without opn 20 NY2d 903), is not to the contrary. In that action for goods sold and delivered, the defendant pleaded lack of jurisdiction and also interposed a defense and counterclaim for breach of warranty. That defense and counterclaim was the same as the defense on the merits and was asserted as against the plaintiff who brought the defendant into the action. Hence the assertion of the defense and counterclaim was not a submission to jurisdiction. In our case Duplisea's assertion of an affirmative claim was not as against the plaintiff, who had brought Duplisea into the action, but rather as against Bond, a codefendant, seeking affirmative relief against her. Duplisea invoked the jurisdiction of this court for affirmative relief in a pleading which still stands. Duplisea is in no position to assert that the court has no jurisdiction over Bond's cross assertion of liability against him. Duplisea did not move against Bond's cross complaint pursuant to CPLR 3211 (subd [a], par 8). Nor did he assert lack of jurisdiction as a defense in his answer to Bond's cross complaint. He could hardly do so, having asserted a cross claim against Bond. An affirmative assertion of jurisdiction against a party who has not brought one into the action constitutes a waiver of jurisdiction with respect to the claims at issue between them. Concur — Lupiano, Bloom and Fein, JJ.

Sullivan, J. P., and Silverman, J., dissent in a memorandum by Silverman, J., as follows: We would grant appellant Duplisea's motion to dismiss the cross claim asserted by codefendant Bond on the ground of lack of in personam jurisdiction. Plaintiffs sued defendants Reedman, Bond and Duplisea. Duplisea interposed an answer alleging lack of jurisdiction over him by reason of failure to serve a summons on him in accordance with statute; that same answer included a "cross complaint" against the other defendants for indemnification in the event defendant Duplisea should be held liable derivatively because of negligence of the other defendants. Defendant Bond interposed a similar "cross complaint" against defendant Duplisea. Defendant Duplisea answered Bond's cross complaint by denial but did not reassert the defense of lack of in personam jurisdiction. Thereafter, plaintiffs' claim against defendant Duplisea was indeed dismissed for lack of in personam jurisdiction (the accident happened in Pennsylvania and Duplisea was a nonresident of New York). Nevertheless the majority holds that Duplisea is still in the action so far

as Bond's cross complaint against Duplisea is involved. We do not agree. No summons was attempted to be served in connection with Bond's cross claim against Duplisea. Jurisdiction as to that cross claim depends on the original jurisdiction obtained by the service of plaintiffs' summons. Not only was jurisdiction derivative from plaintiffs' attempted service on Duplisea, the claim was substantively derivative. The cross claims were only that if plaintiffs succeeded against a particular defendant that defendant wanted indemnification over against other defendants. As Duplisea had asserted lack of in personam jurisdiction in the very answer served upon Bond and containing the cross claim against Bond, it seems unnecessarily technical and an unfair trap to penalize him for not saying it again in his answer to the cross claim by Bond. It is suggested that by interposing the cross claim against Bond, Duplisea himself invoked the jurisdiction of the New York courts and thereby submitted himself to that jurisdiction. And indeed a decision of the Appellate Division in the Second Department does so hold on precisely the same facts. (*Bides v Abraham & Straus Div. of Federated Dept. Stores,* 33 AD2d 569.) But we have difficulty in reconciling that case with the decision of this court in *Katz & Son Billiard Prods. v Correale & Sons* (26 AD2d 52), which the Court of Appeals affirmed without opinion (20 NY2d 903). In that action for goods sold and delivered defendant in addition to pleading lack of jurisdiction, also interposed a defense and counterclaim for breach of warranty. This court held that the interposition of the counterclaim was not a submission to jurisdiction since a defendant may couple a jurisdictional objection with a defense on the merits, and the counterclaim reflected the same issues as the defense. We see no distinction between that case and the interposition of cross claims for indemnification arising out of the same accident as plaintiffs sue on and whatever determinations may be made as to the negligence of the various parties in that accident.