■ In the Matter of NEW YORK CITY BOARD OF EDUCATION, Petitioner, v GORDON AMBACH, as New York State Commissioner of Education, et al., Respondents. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the Commissioner of Education which compelled petitioner to reimburse the cost of tuition and maintenance charges paid by respondent Marilyn P. for her handicapped child. By letter dated November 10, 1978, respondent Marilyn P. applied to petitioner's Committee

on the Handicapped, District 28 (COH), requesting a psychological and educational evaluation of her 13-year-old son to determine whether his academic and disciplinary problems rose to the level of a handicapped student within the meaning of the Education Law and regulations so as to warrant his placement in an appropriate special education residential school. A social worker employed by the board of education telephoned the mother on December 22, 1978 to advise her that the COH determination made that day was that the child was not handicapped and would remain in regular grades. Although she requested formal written notification of the evaluations and decisions from the COH, they were not sent to her. On an unspecified date in February, 1979, only a copy of the evaluation summary was mailed to her. On February 5, 1979, before receipt of anything in writing from the COH, she had enrolled her son in a residential facility in Maryland. Hearings were thereafter conducted by an independent hearing officer upon respondent mother's request. The hearing officer reversed the COH determination and held that the boy was handicapped and entitled to placement, but denied reimbursement of tuition and maintenance charges paid by the mother to the Maryland school. Upon appeal, respondent commissioner dismissed petitioner's appeal and, because the COH had violated the notification requirements in the regulations, granted the mother's cross appeal and ordered reimbursement of the tuition and maintenance charges she paid. Petitioner then commenced this CPLR article 78 proceeding to annul the determination, and the matter was transferred to this court by Special Term. Initially, we hold that although Special Term incorrectly transferred this proceeding, this court is now required to determine all issues (CPLR 7804, subd [g]; *Matter of Shurgin v Ambach,* 83 AD2d 665, affd 56 NY2d 700). We reject petitioner's contention that the determination is arbitrary and capricious. The test to be applied "chiefly 'relates to whether a particular action should have been taken or is justified * * * and whether the administrative action is without foundation in fact'" (*Matter of Pell v Board of Educ.,* 34 NY2d 222, 231). There are present in the record sufficient facts and documentary evidence to provide a rational basis for respondent commissioner's decision that the COH erred in its determination that the boy was not handicapped. With respect to the award in favor of respondent Marilyn P. ordering reimbursement of tuition and maintenance charges paid, respondent commissioner found that the COH failed to comply with both the requirements of notice and requirements of time applicable to its initial determination, as set forth in 8 NYCRR 200-1.5 (d)* of the regulations of the Commissioner of Education which supplement subdivisions 1 and 2 of section 4404 of the Education Law. The regulations require COH to give written notice of its determination to the parent (8 NYCRR 200-1.5 [b] [1]). It is clearly implied that such notice must be given to the parent within 30 days after referral for evaluation and recommendation in order to enable the parent to request the impartial formal hearing (8 NYCRR 200-1.5 [c]; *Matter of Board of Educ.,* 18 Ed Dept Rep 353). Further, it appears the COH determination was made December 22, 1978, 42 days after Marilyn's written request, whereas the regulations require it be made within 30 days (8 NYCRR 200-1.5 [d]). Moreover, it appears that although Marilyn was advised of the determination in a telephone call on December 22, 1978, she was never sent formal written notice in compliance with the regulations which require that the notice shall contain eight specific components all designed to insure a parent the opportunity to exercise due process rights (8 NYCRR 200-1.5 [b] [2]). That both the content and time requirements for the formal written notice were not met cannot be controverted. Petitioner's contention that it had 60 days within which to place

---

* All references are to current section numbers in 8 NYCRR, the former section 200.5 having been renumbered in 1981.

the boy in a special educational school, and that it was absolved by the mother's unilateral enrollment of the boy in the Maryland school on February 5, 1979, must be rejected. At the date of the placement, the mother had not yet been afforded the opportunity to exercise her due process rights to have the COH determination reviewed. While there is no statutory entitlement to reimbursement for tuition and maintenance charges paid to a private school by a parent, The Commissioner of Education has held "[w]hether or not tuition reimbursement is to be ordered depends upon the particular circumstances involved" (*Matter of Handicapped Child,* 19 Ed Dept Rep 399, 402). Respondent commissioner's conclusion that the mother is entitled to reimbursement is equitable in the instant particular circumstances. The record contains a memorandum from petitioner's chief administrator of pupil certification process dated October 18, 1978, which clearly and in detail spells out the procedures to be followed by the COH. The commissioner properly found that violations were committed by the COH, and thus his decision ordering reimbursement cannot be said to have been arbitrary, capricious, contrary to law, or irrational. Nor did the commissioner's action result in an illegal contract with an unapproved school, since the order was for reimbursement which is not prohibited by law. "Where the interpretation of a statute or its application involves knowledge and understanding of underlying operational practices or entails an evaluation of factual data and inferences to be drawn therefrom, the courts regularly defer to the governmental agency charged with the responsibility for administration of the statute. If its interpretation is not irrational or unreasonable, it will be upheld" (*Kurcsics v Merchants Mut. Ins. Co.,* 49 NY2d 451, 459, citing *Matter of Howard v Wyman,* 28 NY2d 434). " '[I]t is not the prerogative of a reviewing court to substitute its judgment for that of the agency's determination when the record reasonably supports the agency's conclusion' " (*Matter of Pietranico v Ambach,* 82 AD2d 625, 627, affd 55 NY2d 861, quoting from *Matter of Freyman v Board of Regents of Univ. of State of N. Y.,* 79 AD2d 719, 720). Finally, we hold that respondent commissioner erred in directing petitioner to pay the full cost of reimbursement to the parent. Pursuant to sections 4405 and 4407 of the Education Law, the State is required to share the cost of tuition and maintenance for a handicapped child in a special residential school. There is no evidence that petitioner willfully, purposely or intentionally violated the time and notice provisions of the law and regulations so as to trigger the imposition of any penalty (see Education Law, § 306, subd 2). Accordingly, the proceeding must be remitted to respondent commissioner for computation of the apportionment between petitioner and the State of New York of the amount to be paid to respondent Marilyn P. Determination modified by annulling so much thereof as directed that petitioner reimburse the parent for the full cost of tuition and maintenance, and matter remitted to respondent commissioner for computation of the apportionment of said sum between petitioner and the State of New York, and, as so modified, confirmed, without costs. Main, J. P., Mikoll, Yesawich, Jr., Weiss and Levine, JJ., concur.