## (March 10, 1983)

■ In the Matter of LILLIAN S., as Mother and Natural Guardian of RICHARD S., Appellant, v GORDON AMBACH, as Commissioner of Education of the State of New York, et al., Respondents. — Appeal from that part of a judgment of the Supreme Court at Special Term (Prior, Jr., J.), entered June 14, 1980 in Albany County, which, *inter alia,* in a proceeding pursuant to CPLR article 78, denied petitioner's request for tuition reimbursement for the private school placement undertaken by petitioner. In September of 1976, the Committee on the Handicapped for the East Ramapo Central School District (hereinafter ERCSD) recommended that petitioner's son, who had been previously adjudged a handicapped child, attend either one of the two local high schools for the 1976-1977 school year. Petitioner challenged their recommendation and, on advice of her son's physician, sent her son to Oakwood School, a private, residential school which has not been approved for contracting purposes by respondent Commissioner of Education. Respondent denied as untimely petitioner's request for a hearing to challenge ERCSD's committee on the handicapped's recommendation for the 1976-1977 school year and denied her alternative request for reimbursement of tuition. Special Term in Albany County annulled respondent's decision to the extent that it held petitioner's application for a hearing to be untimely. ERCSD, however, continued to refuse to hold a hearing and petitioner commenced a new article 78 proceeding in Rockland County seeking a judgment declaring the school district's refusal to grant an impartial hearing invalid. Special Term in Rockland County refused to order a hearing on the ground that reimbursement is prohibited as a matter of law. Regarding the decision of Special Term in Albany County which annulled respondent's determination that petitioner's request for a hearing was un-

timely but failed to specifically order a hearing by respondent, it logically follows that implicit in that ruling was a determination that petitioner was entitled to a hearing. The absence of such explicit order appears to be an oversight or omission which can be cured by this court pursuant to CPLR 5019 (subd [a]). Petitioner also seeks in this proceeding reimbursement of moneys expended for the education of her handicapped child. Special Term in Rockland County denied tuition reimbursement on the basis that the school district was not authorized to contract with the institution to which petitioner sent her child. Unless a private school has been approved for placement of handicapped children, a board of education has no authority to contract with such a school or pay tuition for a student to attend there (Education Law, § 4401, subd 2; § 4402, subd 2). We have, however, confirmed tuition reimbursement in the past for an unapproved school where the committee on the handicapped failed to notify parents of the decision and of their rights (*Matter of New York City Bd. of Educ. v Ambach,* 88 AD2d 1075). In the instant case, notice requirements to petitioner were not adhered to and, therefore, respondent was not prohibited from granting petitioner's request for tuition reimbursement even though the child attended an unapproved school. In failing to hold a hearing, respondent failed to consider the particular facts of the situation and the decision was, therefore, arbitrary and capricious. The commissioner should reconsider the matter after an impartial hearing has been conducted and in light of the fact that petitioner's due process rights were not accorded to her in accordance with respondent's own regulations (8 NYCRR 200-1.5). We find no merit to petitioner's alternative argument that proposes that if respondent cannot be compelled to reimburse petitioner for contracting with a nonapproved school, the school district is responsible for reimbursement nonetheless pursuant to subdivision 4 of section 4404 of the Education Law which provides for public responsibility for tuition pending appeal if the child remains in the then current educational placement of such child. The Family Court of Rockland County found that attendance in a private, residential school for normal children was in the best interests of petitioner's child. It found that the school he was attending for 1975-1976, the Perkiomen School, was appropriate and ordered tuition paid. Petitioner urges that her transfer of her son to a comparable school, Oakwood School, for 1976-1977 should be considered "current placement". Petitioner urges that the term refers to a general type of educational facility rather than a specific school. We disagree. A parent may not unilaterally initiate a nonpublic placement and compel the board of education to maintain the child there (*Vander Malle v Ambach,* 673 F2d 49). A school may not change a child's placement without following extensive procedures (Education Law, § 4402; 8 NYCRR Part 200). A child's placement may not be altered during the pendency of a proceeding to challenge the recommendation of the committee on the handicapped unless the school district and the child's parents agree to the change (Education Law, § 4404, subd 4; *Stemple v Board of Educ.,* 623 F2d 893, cert den 450 US 911). In line with the logic of these decisions, we deem the transfer from Perkiomen School to Oakwood School to constitute a change in placement and find that petitioner is not entitled to tuition reimbursement pursuant to section 4404 of the Education Law. Petitioner's equal protection argument is also lacking in merit. Judgment modified, on the law and the facts, by adding thereto a provision directing respondent Commissioner of Education to order that a hearing be conducted by the school district to determine the propriety of the committee on the handicapped's recommendation for the 1976-1977 school year, and, as so modified, affirmed, without costs. Casey, Mikoll and Weiss, JJ., concur; Mahoney, P. J., concurs in a separate memorandum; Kane, J., dissents and votes to affirm in a memorandum.

Mahoney, P. J. (concurring). Although I agree with the majority's result in this case which directs that a hearing be held so that a record can be made upon which respondents can decide whether to exercise their discretion in awarding tuition reimbursement (see *Matter of New York City Bd. of Educ. v Ambach,* 88 AD2d 1075), I concur separately for the sole reason of embracing that portion of the dissent which explains why Special Term did not order that a hearing be held in this matter. Despite concluding that petitioner had timely applied for an impartial hearing, Special Term failed to direct that such a hearing be held, not because of oversight or omission, but due to its erroneous belief that tuition reimbursement for attendance at an unauthorized school was prohibited under any circumstances. As all of the members of this panel make clear in their respective positions on this appeal, there are certain circumstances under which such reimbursement is permitted. Accordingly, the hearing which Special Term apparently perceived to be academic is not, and should be held in this matter.

Kane, J. (dissenting). I would affirm Special Term's dismissal of the petition although for different reasons. Initially, I fail to find, as the majority does, that Special Term implicitly determined that petitioner was entitled to a hearing and, accordingly, that the absence of an express direction to hold such a hearing was a mere oversight or omission. Rather, Special Term only found that respondent erred insofar as he held petitioner's application untimely. Special Term confirmed the remainder of respondent's determination, which, in the alternative, denied petitioner relief on the ground that reimbursement is prohibited as a matter of law.[*] Surely under these circumstances a hearing would serve no purpose and, accordingly, I cannot agree that the absence of an order for a hearing was a mere oversight or omission. Moreover, it should be noted that the school district, which petitioner seeks to compel to hold a hearing, is not a party to the instant proceeding. I now turn to the issue of the timeliness of petitioner's request for a hearing to challenge East Ramapo Central School District's committee on the handicapped's recommendation for the 1976-1977 school year. In this regard, the commissioner found that although the notification sent to petitioner on September 17, 1976, did not technically comply with 8 NYCRR 200.5, the notice sufficiently apprised petitioner of her right to a hearing and, under the circumstances of this case, petitioner's request for a hearing, some seven months after receipt of the notice, was untimely. In my opinion, this determination should be confirmed. The notice sent to petitioner set forth the placement recommendation and specifically stated that in order to initiate the appeal procedures, petitioner must request a hearing within 10 days of receipt of the notice. Despite this fact petitioner failed to request a hearing until April, 1977. The commissioner's determination should be confirmed and Special Term's dismissal of the petition affirmed for the reasons stated herein.

---

[*] In his brief in this case, the commissioner takes the position that reimbursement of moneys expended by petitioner for the education of her child is prohibited as a matter of law, due to the fact that the commissioner may never authorize the execution of contracts with schools which have not been approved by the commissioner. While I am constrained to agree with the majority's resolution of this issue, it should be noted that the commissioner's current argument upon this issue appears to conflict with his position in the recent case of *Matter of New York City Bd. of Educ. v Ambach* (88 AD2d 1075).

---

[*] Berton J. Delmhorst died January 21, 1975, after petitioning for a tax redetermination but before a decision by the Tax Commission. His estate is represented in this article 78 proceeding by Arthur M. Delmhorst, executor of the estate.