In the Matter of DENNIS HEALEY et al., as Parents and Natural Guardians of AMBER HEALEY, an Infant, Appellants, v GORDON M. AMBACH, as Commissioner of Education of the State of New York, et al., Respondents.

Third Department, November 1, 1984

APPEARANCES OF COUNSEL

*Malone & Malone (Robert J. Malone* of counsel), for appellants.

*Robert D. Stone (James H. Whitney* of counsel), for Gordon M. Ambach, respondent.

OPINION OF THE COURT

YESAWICH, JR., J.

As a consequence of a dispute between petitioners and respondent Board of Education of the City School District of the City of Norwich respecting the sufficiency of home schooling which petitioners were providing to their child,

the Family Court of Chenango County ordered the child referred to the district's Committee on the Handicapped (COH) for reevaluation to ascertain if an originally diagnosed handicapping condition continued to exist. Neither party appealed that determination. Petitioners and the COH were, however, unable to agree on the method by which the child was to be tested. The COH sought to subject her to standardized tests while petitioners, taking into account the child's past aversion to tests, would only consent to a "home visit by the school psychologist and the school speech therapist so that they may observe and evaluate Amber". A hearing was then held pursuant to the provisions of former 8 NYCRR 200-1.5 (a) (2), following which the hearing officer directed petitioners to designate: "a licensed psychologist of their choice, who shall perform a complete evaluation of Amber's educational needs, status and progress. The evaluation will take place in the home setting where Amber is presently receiving home instruction." Petitioners appealed and, to the extent pertinent here, respondent Commissioner of Education modified the hearing officer's decision by directing that the evaluation of petitioners' daughter by the COH be undertaken in accordance with 8 NYCRR 200.4 (b); this removed the hearing officer's restrictions on the scope of the proposed examination and prompted petitioners to commence this CPLR article 78 proceeding. Special Term found a "reasonable foundation in fact" for the Commissioner's determination and dismissed the petition. This appeal ensued.

Parents or guardians aggrieved by a decision relating to the nature of a child's handicapping condition may appeal to the Commissioner, whose review of these decisions shall be "in the same manner provided for the taking of appeals pursuant to the provisions of section three hundred ten of this chapter" (Education Law, § 4404, subds 1, 2). Section 310 of the Education Law permits a party to appeal an adverse determination resulting from a hearing to the Commissioner instead of proceeding directly to the Supreme Court (*Matter of Gundrum v Ambach*, 55 NY2d 872). It is well established, however, that where a party chooses to appeal to the Commissioner rather than resort to the courts in the first instance, the standard of review on

appeal is whether the Commissioner's determination was arbitrary and capricious (*Matter of Gundrum v Ambach, supra,* p 873; *Matter of Strongin v Nyquist,* 44 NY2d 943). Accordingly, we apply that standard in reviewing the Commissioner's determination in the matter *sub judice* (*Matter of New York City Bd. of Educ. v Ambach,* 88 AD2d 1075).

The crux of this appeal is whether the record contains sufficient evidence to furnish a rational basis for the Commissioner's determination (*Matter of New York City Bd. of Educ. v Ambach, supra*). Two related issues are presented: first, are there grounds for requiring Amber Healey to submit to an evaluation to determine if she presently has a handicapping condition; and second, if so, what type of evaluation is appropriate. The unappealed Family Court order of May 27, 1982 unequivocally requiring the COH to reevaluate the child disposes of the first issue. With regard to what kind of evaluation is appropriate, respondents maintain that since Amber has now enrolled in a parochial school, this appeal is now moot. As the child's schooling at home did not precipitate the court-ordered evaluation and the Education Law obligates the Department of Education to insure that all handicapped children are provided appropriate educational services (Education Law, § 4403), her attendance at a parochial school neither obviates the order nor discharges the COH's duty to comply with it.

Although neither the Education Law nor the regulations mandate precise methods of evaluation, the statute's paramount concern is the best interests of potentially handicapped children (*Matter of Dubner v Ambach,* 74 AD2d 949, affd 52 NY2d 910). Accordingly, it was incumbent upon the Commissioner to tailor an evaluation for Amber which would respond to her special needs. The child's mother testified that subjecting Amber to the trauma of standardized testing would cause the child to regress. An independent psychologist's report supported the mother's assertion, and there was no evidence to the contrary. Failure of the Commissioner to prescribe evaluation tests having the least adverse impact on the child while enabling the COH to gather necessary information was arbitrary and capricious; this matter must therefore be remitted to the Commissioner for that purpose.

Inasmuch as petitioners' daughter is no longer being educated at home, their constitutional claim, based on their status as home schoolers, that evaluation of her infringes upon their right to educate her has been rendered moot.

KANE, J. P., MAIN, MIKOLL and HARVEY, JJ., concur.

Judgment modified, on the law, without costs, by reversing so much thereof as dismissed that portion of the petition which may be read to request that the Commissioner of Education order evaluation tests enabling the Committee on the Handicapped to secure the necessary information it requires in a manner which is least harmful to petitioners' child, matter remitted to the Commissioner of Education for that purpose, and, as so modified, affirmed.