OPINION OF THE COURT
Edward S. Conway, J.
This is a CPLR article 78 proceeding in which petitioners seek an order requiring respondent to reimburse petitioners for all expenses incurred to date for legal fees and disbursements in defense of the claim raised in the Federal actions entitled: “The Oneida Indian Nation of New York v Abraham Williams, et al.”, and requiring respondent to engage the law firm of Hancock & Estabrook, Esqs. to continue representation of the petitioners in the aforementioned action and to pay all fees and disbursements relating to that representation.
Petitioners are defendants in a Federal District Court action brought by the Oneida Indian Nation of New York, who seeks to dispossess and remove petitioners from certain land occupied by them. The plaintiff in that Federal action seeks a declaration of ownership and right to possession of certain lands alleged to have been obtained from its ancestors by the State of New York *466 in violation of Federal law. The petitioners have brought a third-party action in Federal court against the State of New York for money damages in the event that the plaintiff Oneida Indian Nation of New York recovers judgment against the petitioners in the Federal action.
The petitioners, through their attorneys Hancock & Estabrook, Esqs., citing State Law § 10, made a demand on respondent to employ counsel and to provide for the defense of the petitioners in the Federal court action and to reimburse the petitioners for all legal fees and disbursements theretofore incurred by them in the defense of said action. Petitioners’ request was denied on October 12, 1984; this article 78 proceeding was then commenced.
The respondent maintains that the Federal court action for which the petitioners seek representation does not raise questions relating to State sovereignty and jurisdiction, and therefore State Law § 10 is not applicable. This court cannot agree with this contention.
State Law § 10 provides: “The governor shall, at the expense of the state, employ counsel and provide for the defense of any action or proceeding, instituted against the state, or against any person deriving title therefrom, to recover any lands within the state, under pretence of any claim inconsistent with its sovereignty and jurisdiction.”
In a similar article 78 proceeding brought by various counties in the State of New York against the Governor, it has been held that section 10 requires the Governor to provide for a defense of Indian land claims (see, Matter of County of Broome v Cuomo, 102 AD2d 266 [3d Dept]). Further, by reason of the third-party action by petitioners against the State of New York in the Indian land claim, there is an existing conflict of interest conferring on petitioners the right to select their own counsel. However, as the Appellate Division, Third Department, held in Matter of County of Broome v Cuomo case (supra), an award of legal fees and attendant expenses is not, as petitioners argue, incidental to the article 78 relief sought and constitutes a separate and distinct claim for money damages that must be brought in the Court of Claims (see, Matter of Dubner v Ambach, 74 AD2d 949, 951, affd 52 NY2d 910).
The Appellate Division in Matter of County of Broome v Cuomo (supra, at pp 270-271) specifically held: “The statute vests in respondent, not petitioners, the choice of counsel to be employed. Petitioners’ claim that a conflict of interest bars the Attorney-General from defending them in the underlying ac *467 tians is premature, since respondent has not yet made his choice.”
Therefore, the petition is granted insofar as the respondent is directed to comply with State Law § 10. However, the petition is denied insofar as it seeks legal fees or the employment of Hancock & Estabrook, Esqs.