■ In the Matter of BRAVATA'S CARTING, INC., Petitioner, v TOWN OF HUNTINGTON, Respondent.—Proceeding pursuant to CPLR article 78 to review a determination of the Town Board of the Town of Huntington, dated September 11, 1984, which denied the petitioner's application for a change in the schedule for residential refuse and garbage removal service.

Determination confirmed and proceeding dismissed on the merits, with costs.

Initially, we note that the instant proceeding was erroneously transferred to this court pursuant to CPLR 7804 (g) since the standard of review to be applied in assessing the propriety of the respondent's determination herein is not whether there was substantial evidence in support thereof, but rather whether the determination was "arbitrary and capricious" (CPLR 7803 [3]; *see, Matter of Pell v Board of Educ.,* 34 NY2d 222, 231). The public hearing conducted with respect to the petitioner's application was not a quasi-judicial proceeding involving the cross-examination of witnesses and the making of a record within the meaning of CPLR 7803 (4), where substantial evidence is the applicable test *(see, Matter of Pell v Board of Educ., supra,* p 231; *Matter of New York City Bd. of Educ. v Ambach,* 88 AD2d 1075, 1076; 5 NY Jur 2d, Art 78, § 36, at 409-410; *cf. Lutheran Church v City of New York,* 35 NY2d 121, 128, n 2; *Hausman v Common Council,* 60 AD2d 770, 771). Nevertheless, this court will retain jurisdiction for the purpose of deciding the case on the merits *(cf. Matter of Dennelly v County Attorney of Nassau County,* 107 AD2d 682, 683; *Matter of Portugal v Webb,* 91 AD2d 997, 998).

It has been observed that "[t]he arbitrary [and] capricious test chiefly 'relates to whether a particular action should have been taken or is justified * * * and whether the administrative action is without foundation in fact' " *(Matter of Pell v Board of Educ., supra,* p 231, quoting from 1 NY Jur, Administrative Law, § 184, at 609). " '[T]he proper test is whether there is a rational basis for the administrative orders' " *(Matter of Pell v Board of Educ., supra,* p 231, quoting from *Matter of Colton v Berman,* 21 NY2d 322, 329). On this record, we conclude that the appropriate test has been satisfied.

The record at bar discloses that at the hearing, the Town Board expressed its concern that the modification of the refuse collection schedule so as to permit certain successive, rather than specified alternative refuse collection dates would reduce efficiency and result in the potential accumulation of refuse between pickups. In light of this information, the respondent's determination to deny the requested modification cannot be characterized as arbitrary, capricious or without foundation in fact. Accordingly, the determination is confirmed and the proceeding dismissed. Gibbons, J. P., Thompson, Niehoff and Rubin, JJ., concur.