In the Matter of JOSEPH FIORILLO et al., Petitioners, v NEW YORK STATE DEPARTMENT OF ENVIRONMENTAL CONSERVATION, Respondent.

Third Department, January 15, 1987

APPEARANCES OF COUNSEL

*Richard I. Cantor* for petitioners.

*Robert Abrams, Attorney-General (Joel F. Spitzer* of counsel), for respondent.

## OPINION OF THE COURT

YESAWICH, JR., J.

This appeal derives from activities at a landfill which has been the subject of previous litigation before this court *(Town of Plattekill v Dutchess Sanitation,* 56 AD2d 150, *affd* 43 NY2d 662).

Petitioners, who are currently members of a partnership known as FICA, controlled Dutchess Sanitation Services, Inc. (DSS). In February 1977, DSS ceased operating the landfill in part because of judicial proceedings which enjoined it from importing refuse from outside the Town of Plattekill in Ulster County. From that time forward DSS never again disposed of refuse at the site.

Enjoined from operating the site, DSS attempted to cover a portion of the landfill. The material used, however, neither met statutory permeability nor area requirements. In May 1977, respondent wrote DSS apprising the latter it was subject to the "final cover" requirements of 6 NYCRR 360.8 (b) (1) (vii) (e); that regulation provides in pertinent part:

"Final cover shall be applied * * *

"(1) whenever an additional lift of solid waste is not to be applied within one year".

Subsequent inspections disclosed that this directive had never been complied with and that no "final cover", as that term is defined, had ever been applied (6 NYCRR 360.1 [d] [26]). DSS was put on notice of the violations that the inspections revealed, but they continued unabated.

Thereafter, in June 1980, DSS voluntarily dissolved and its assets were transferred, without consideration, to FICA. No provision was made for possible liability stemming from the aforementioned violations. Additionally, DSS conveyed the site back to its former owner as the end product of a mortgage foreclosure action brought against DSS.

Administrative enforcement proceedings were eventually initiated against "FICA a/k/a Dutchess Sanitation Service, Inc.", charging failure to comply with the final cover requirements of 6 NYCRR 360.8 (b) (1) (vii) (e). Following a hearing, it

was determined that DSS had indeed violated the regulation and on May 16, 1985 the administrative order giving rise to this appeal, declaring petitioners jointly and severally liable for a civil penalty of $25,000, was issued. After the administrative hearing was closed, the presence of hazardous wastes was discovered. Because the Environmental Protection Agency will further investigate this site, immediate application of the final cover was considered inappropriate since it might impede remediation of the site, should that be ultimately called for.

Initially, petitioners take issue with the Administrative Law Judge's determination that DSS violated 6 NYCRR 360.8 (b) (1) (vii) (e). They do not dispute that daily operation of the landfill ceased in 1977, but challenge the construction given this regulation; they read it as requiring respondent to demonstrate that the landfill has been abandoned or that the operator of the site intended to permanently discontinue its use.

In view of the deference accorded an administrative agency's interpretation of its own regulations, application of which involves knowledge and understanding of underlying operational practices or evaluation of factual data, we cannot say that respondent's refusal to condition a landfill operator's liability on a showing of a specific future intent to discontinue using the site was incorrect (see, Matter of Colt Indus. v New York City Dept. of Fin., 66 NY2d 466, 470-471). Irrespective of what petitioners "intended", given the apparent finality of operations resulting from the adverse litigation experienced by DSS—the injunction prohibited use of the landfill for some 2½ years*—it was not unreasonable for respondent to conclude that the protective measures of this section had been triggered.

Moreover, as this regulation is part and parcel of a comprehensive legislative scheme designed to promote the public health by safeguarding the environment, it would be irrational to allow petitioners to determine when, based upon their own subjective intent, the mandated final cover should be installed. This is especially so when, as here, leachate has been detected in the environs of the landfill.

Petitioners' other principal argument, that the imposition upon them of joint and several personal liability for DSS' violations was improper, is equally unconvincing. Testimony

---

* Eventually, however, the injunction was vacated by the Court of Appeals on constitutional grounds (Dutchess Sanitation Serv. v Town of Plattekill, 51 NY2d 670).

of DSS' vice-president, petitioner Joseph Fiorillo, clearly established that petitioners were the sole shareholders of DSS and that they alone, in their capacity as owners, voluntarily dissolved DSS and used the proceeds thereof as their capital contributions to FICA. The power to voluntarily dissolve a domestic corporation, under these circumstances, is vested in the board of directors, not the shareholders (Business Corporation Law § 1102); the record before us readily allows for the inference that, although not identified as such, petitioners were in fact the directors. Indeed there is nothing to indicate that their authority to dissolve DSS came from any other provision of the Business Corporation Law *(see, e.g.,* Business Corporation Law § 1001), or that anyone, other than petitioners, managed the corporation *(see,* Henn and Alexander, Corporations § 207 [3d ed]).

Petitioners' status as directors who voted for or concurred in distributing DSS assets to shareholders after dissolution without providing for corporate liabilities renders them jointly and severally liable (Business Corporation Law § 719 [a] [3]). DSS' obligations under the applicable environmental statutes occurred as early as 1977 when it received notice of potential violations. The subsequent voluntary dissolution and distribution of its assets without making adequate arrangement for respondent's claims *(see,* Business Corporation Law § 1007 [a]) was wrongful and liability on petitioners' part, therefore, properly attached *(see,* Business Corporation Law § 719 [a] [3]; *Laco X-Ray Sys. v Fingerhut,* 88 AD2d 425, 431, *appeal denied* 58 NY2d 826).

Also without merit is petitioners' contention that they were denied due process in that they were charged with future liability for the remediation of the landfill without prior notice. On its face, the order does no more than assess a penalty for the failure to provide final cover. Whether hazardous waste remediation will be required in the future is not an issue before us, but is a matter to be determined in the now-pending Federal action.

MAIN, J. P., CASEY, LEVINE and HARVEY, JJ., concur.

Determination confirmed, and petition dismissed, with costs.