■ In the Matter of JOSEPH FIORILLO et al., Appellants, v NEW YORK STATE DEPARTMENT OF ENVIRONMENTAL CONSERVATION, Respondent.—Yesawich, Jr., J. Appeal from a judgment of the Supreme Court (Connor, J.), entered October 31, 1989 in Ulster County, which, in a proceeding pursuant to CPLR article 78, granted respondent's motion for summary judgment on its counterclaim.

In 1985, petitioners brought this CPLR article 78 proceeding to challenge an administrative determination assessing a $25,000 civil penalty for their failure to comply with 6 NYCRR 360.8 (b) (1) (vii) (e). Respondent counterclaimed for enforce-

ment of its order directing petitioners to pay the penalty. This court issued a decision confirming respondent's administrative determination and dismissed the petition (123 AD2d 151, *appeal dismissed* 70 NY2d 641). Neither the decision nor the order entered thereon addressed respondent's counterclaim.

On June 6, 1989, after petitioners' unsuccessful appeal, respondent moved for and was granted summary judgment on its counterclaim by Supreme Court. On this appeal, petitioners maintain that Supreme Court lacked jurisdiction to adjudicate the controversy because this court's earlier order dismissing the petition necessarily terminated respondent's counterclaim. Respondent contends, and Supreme Court agreed, as we do, that the earlier order impliedly severed and remitted the counterclaim. One initiating an action or proceeding subjects himself to personal jurisdiction for any counterclaims the party sued wishes to interpose and this jurisdiction does not, as petitioner would have it, automatically vanish simply because petitioner's claim has been resolved *(cf.,* Siegel, NY Prac § 224, at 269; *see, e.g., Bartley v Reedman,* 86 AD2d 820, 821; *Felice v St. Agnes Hosp.,* 65 AD2d 388, 392). It would be inequitable and unreasonable were it otherwise, for then this court's earlier decision would effectively be circumvented *(cf., Edelman v Edelman,* 88 Misc 2d 156, 159).

Further, CPLR 5019 (a) permits "an appellate court", *sua sponte (see,* 5 Weinstein-Korn-Miller, NY Civ Prac ¶ 5019.05), to cure, during any stage of the action, any mistake, defect or irregularity in a judgment or order so long as such correction would "not affect[ ] a substantial right of a party" (CPLR 5019 [a]). A court is thereby authorized to correct errors which do not involve new exercises of discretion or fact finding *(see,* Siegel, NY Prac § 420, at 557). In any event, mistakes or defects in an order that inaccurately represent the actual decision should be freely corrected *(see,* 5 Weinstein-Korn-Miller, NY Civ Prac ¶ 5019.03).

Here, dismissal of petitioners' article 78 petition perforce determined that respondent was entitled to the assessed penalty *(see, Matter of Lillian S. v Ambach,* 92 AD2d 979, 980); therefore, correcting the order merely to reflect this fact would not substantially affect petitioners' reasonable expectations *(see, Suffolk Roadways v Hanover Ins. Co.,* 64 AD2d 591; *cf., Geller v Board of Elections,* 112 AD2d 1054, 1056, *affd on mem below* 65 NY2d 956).

Order of this court, entered January 21, 1987, modified by remitting the matter to the Supreme Court for proceedings

not inconsistent with the accompanying decision dated January 15, 1987.

Judgment of the Supreme Court, entered October 31, 1989, affirmed, without costs. Mahoney, P. J., Casey, Mikoll, Yesawich, Jr., and Levine, JJ., concur.