■ In the Matter of 4M HOLDING COMPANY, INC. Appellant, v TOWN BOARD OF THE TOWN OF ISLIP et al., Respondents.—In a proceeding pursuant to CPLR article 78 to review a resolution of the Town Board of the Town of Islip, issued July 10, 1990, which authorized the Town of Islip to enter upon the petitioner's real property to remove litter, construction and demolition debris, in the event the debris was not removed by the petitioner within 10 days after service of the resolution upon the petitioner, and to charge the costs of removal to the petitioner's real property as a lien and assessment to be collected as an ad valorem Town charge, the petitioner appeals from a judgment of the Supreme Court, Suffolk County (Cannavo, J.), dated October 23, 1991, which denied the petition.

Ordered that the judgment is affirmed, with costs.

On July 10, 1990, the Town Board of the Town of Islip (hereinafter Town Board) adopted a resolution directing the petitioner to remove all litter, construction, and demolition debris from its property, upon the ground that such material constituted a fire hazard and a danger to the public health. The resolution required that the petitioner remove the debris within 10 days, and further provided that in the event that the petitioner failed to comply, the Town would be authorized to remove the material and to charge the expenses incurred thereby as a lien and assessment upon the property, to be collected as an ad valorem Town charge. The petitioner contends that the resolution was arbitrary and capricious, and contrary to law. We disagree.

It has been observed that "the arbitrary [and] capricious test chiefly 'relates to whether a particular action should have been taken or is justified * * * and whether the administrative action taken is without foundation in fact' " (Matter of Pell v Board of Educ., 34 NY2d 222, 231; Matter of Bravata's Carting v Town of Huntington, 120 AD2d 521). An arbitrary action is without sound basis in reason and is generally taken without regard to the facts (Matter of Pell v Board of Educ., supra, at 231). In light of the record, which reveals that there were ongoing outbreaks of fire and smoke from the debris on the petitioner's property, the Town Board's resolution cannot be characterized as arbitrary and capricious, or without foundation in fact.

Moreover, we find that the Town Board's resolution was not contrary to law. The Town Board acted within its authority pursuant to the provisions of Town Law § 64 (5-a) and Islip

Town Code § 32-5 (C). Nor was there any due process violation in the Town Board's failure to notify the petitioner or to conduct an adversarial hearing prior to the adoption of the resolution (see, *Matter of Plaza Realty Investors v New York City Conciliation & Appeals Bd.*, 110 AD2d 704; *Matter of RHS Realty Co. v Conciliation & Appeals Bd.*, 101 AD2d 756; cf., *Matter of Colton v Berman*, 21 NY2d 322, 329). Sullivan, J. P., Eiber and O'Brien, JJ., concur.

Balletta, J., dissents and votes to reverse the judgment, on the law, and to annul the resolution, with the following memorandum: Although I agree with my colleagues that the Town Board acted within its authority in passing the resolution in question, and that there was no due process violation, the requirement that the cleanup be completed within 10 days was arbitrary and capricious.

It is well settled that where a proceeding pursuant to CPLR article 78 concerns the exercise of discretion by an administrative tribunal, the courts generally will not interfere unless there is no rational basis for the exercise of discretion or the action complained of is arbitrary and capricious (see, *Matter of Pell v Board of Educ.*, 34 NY2d 222, 231; see also, CPLR 7803 [3]). An arbitrary action is one which is without sound basis in reason and is generally taken without regard to the facts (see, *Matter of Pell v Board of Educ.*, supra; see also, *Matter of Bravata's Carting v Town of Huntington*, 120 AD2d 521, 522).

A review of the record herein reveals that the 10-day time limitation imposed by the Town Board is without foundation in the facts. At the hearing held with respect to the resolution, Mr. Lou Raciti of the Town's Department of Public Works estimated that there was some 33,000 cubic yards of material to be removed. Mr. Raciti also estimated that it would take about 30 days to remove the material using four trucks making about 35 trips per day. In addition, he testified that if any problems were encountered during the process, delays could be expected. At no point was any evidence introduced to show that the job could be completed within 10 days. In fact, the record indicates that it actually took the Town from July 23, 1990, until September 7, 1990, to clear the site, a period of more than 30 days.

Islip Town Code § 32-5 (C) provides, in part, that "[t]he owners shall be given at least ten (10) days from the date of the mailing of the notice during which the work shall be performed, and, *in any event, such notice shall grant a reasonable time giving due consideration to the amount of accumula-*

*tion of rubbish or debris and the location thereof"* (emphasis added). Although the Town Board was faced with the immediate and pressing problem of the cleanup of the petitioner's property, that circumstance did not excuse the Board's failure to comply with the language of its own ordinance. The only evidence placed before the Board indicated that it would take at least 30 days to remove all of the material accumulated at the site. There was absolutely no evidence before the Board which would indicate that the job feasibly could be completed within 10 days or, for that matter, any period of time less than 30 days.

In view of the facts developed by the Town's own witness, it is clear that the 10-day time limitation imposed by the Board was without sound basis in reason and was imposed without regard to the facts.

Accordingly, I would reverse the judgment appealed from, grant the petition, and annul the resolution under review.