■ In the Matter of FRANCHISE REALTY INTERSTATE CORPORATION,

Respondent, v JOHN J. PISATURO et al., Constituting the Zoning Board of Appeals of the Town of Gates, Appellants.—Judgment unanimously reversed, without costs and matter remitted to the zoning board of appeals for further proceedings in accordance with the following memorandum: Petitioner owns a fast food restaurant in the Town of Gates. The structure was built in 1966. In 1976 an amendment to the town zoning ordinance increased the applicable setback requirements. In 1979 petitioner applied to the town zoning board of appeals for variances for relocation of freezer and trash bins and for construction of a drive-through service window at the side of the structure. The board denied the variances, finding that petitioner's requests, if granted, would produce a substantial increase and burden on available governmental facilities, a substantial change in the character of the neighborhood and a substantial detriment to adjoining properties. In a CPLR article 78 proceeding to review the board's actions, Special Term reversed and granted the variances. In seeking an area variance the landowner must first show some significant economic injury caused by the ordinance. If such is shown, the burden then shifts to the municipality to prove that the restriction is reasonably related to a legitimate exercise of the zoning power. Assuming that the municipality has met this burden of proof, the burden again shifts to the landowner to show that, as applied, the restrictions are unrelated to public health, safety or welfare, and that the granting of the variance will not adversely affect the surrounding community *(Matter of National Merritt v Weist,* 41 NY2d 438). The supporting proof need not be as compelling as is required for a use variance and the quantum of proof required varies with the magnitude of the variance sought *(Matter of National Merritt v Weist, supra,* p 443). Useful guidelines for the making of that determination are set forth in *Matter of Wachsberger v Michalis* (19 Misc 2d 909, affd 18 AD2d 921). Of course, a determination by the zoning board of appeals having a rational basis and supported by substantial evidence must be confirmed *(Matter of Fuhst v Foley,* 45 NY2d 441). The board's findings are conclusory in form and the record of the proceedings before the board is factually too sparse to permit intelligent judicial review *(Matter of Kadish v Simpson,* 55 AD2d 911; *Corter v Zoning Bd. of Appeals for Vil. of Fredonia,* 46 AD2d 184, 187-188). Accordingly, the matter is remitted to the zoning board of appeals to give the petitioner an opportunity to offer adequate proof of economic injury and for the board to adduce evidence to support its findings. (Appeal from judgment of Monroe Supreme Court—CPLR art 78.) Present—Simons, J. P., Hancock, Jr., Callahan, Doerr and Moule, JJ.