■ In the Matter of LEON McLAREN et al., Respondents, v CRAIG SCHICK et al., Constituting the Zoning Board of Appeals of the Town of Marshall, Appellants.—Judgment unanimously reversed, on the law, without costs and petition dismissed. Memorandum: In this CPLR article 78 proceeding, respondents, members of the Zoning Board of Appeals, appeal from a judgment annulling their determination denying petitioners' application for an area variance and directing them to grant the application. The variance sought would permit an encroachment of 11 feet into the 25-foot setback so that petitioners could construct an addition to the front of their home. We reverse and reinstate the determination of the Zoning Board of Appeals.

It is well settled that before the Zoning Board of Appeals is

required to explain why the public health and welfare requires adherence to the zoning standard, the applicant for an area variance must come forward with proof of significant economic injury or practical difficulties (*see, Matter of Cowan v Kern,* 41 NY2d 591, 596; *see, Matter of Orchard Michael, Inc. v Falcon,* 110 AD2d 1048; *Matter of Franchise Realty Interstate Corp. v Pisaturo,* 75 AD2d 1003). Here, petitioners failed to make a prima facie showing of their entitlement to a variance. There was no showing of any significant economic injury (*see, Matter of Franchise Realty Interstate Corp. v Pisaturo, supra*). Nor did petitioners' allegations that the addition was necessary "so that Mr. McLaren [could] do designing and drafting work that his job requires be done at home" constitute practical difficulties (*see, Matter of Fuhst v Foley,* 45 NY2d 441). A showing that an improvement is desirable for the greater enjoyment of the property does not establish that it is necessary for the property's continued practical utilization (*see, Matter of Biellak v Zoning Bd. of Appeals,* 75 AD2d 435, 439). Moreover, it appears from the Board's return that there was evidence before it that petitioners could construct the addition on the side of the house, thus obviating the need for the variance. (Appeal from judgment of Supreme Court, Oneida County, Hayes, J.—art 78). Present—Hancock, Jr., J. P., Doerr, Denman, O'Donnell and Pine, JJ.