■ In the Matter of RICHARD D. ZWITZER et al., Respondents, v ZONING BOARD OF APPEALS OF THE TOWN OF CANANDAIGUA, Appellant.—Judgment affirmed without costs. Memorandum: Petitioners are the owners of a lakefront lot on Canandaigua Lake. Petitioners propose to demolish an existing cottage on the lot and replace it with a dwelling occupying 3,400 square feet of ground space. Petitioners made application to the Zoning Board of Appeals (ZBA) requesting five separate area variances.

Following two public hearings and an informal meeting, the ZBA took the following action: (1) granted a height variance of 8½ feet from the height limitation of 20 feet contained in the zoning ordinance; (2) granted a lot-size variance of 19,359 square feet from the 30,000-square-feet lot size required by the zoning ordinance; (3) granted a front setback variance of 35 feet and a rear setback variance of 29 feet from the required 40-feet front and rear setback contained in the zoning ordinance; and (4) granted, as modified, a lot-coverage variance of 4% to enable the structure to occupy 29% of the lot area. The zoning ordinance required structures to cover no more than 25% of the lot. Petitioners requested a lot-coverage variance of 7% to enable them to build a structure occupying 32% of the lot area.

Petitioners commenced this CPLR article 78 proceeding seeking to annul the determination denying the requested 32% lot-coverage variance. Special Term granted the petition, concluding that the ZBA determination limiting the lot-coverage variance to 29% was arbitrary and capricious.

We affirm. The ZBA expressly found that petitioners demonstrated that strict compliance with the zoning law will cause " 'practical difficulties' " *(Fuhst v Foley,* 45 NY2d 441, 445; *Conley v Town of Brookhaven Zoning Bd. of Appeals,* 40 NY2d 309, 314; 2 Anderson, New York Zoning Law and Practice §§ 23.33-23.34). Once an applicant establishes that the zoning ordinance as applied imposes a significant economic injury, the Zoning Board must grant the variance unless the Board demonstrates that only strict application of the zoning standard will serve the public health, safety and welfare *(see, Matter of Fulling v Palumbo,* 21 NY2d 30, 33). The burden imposed upon the Board is not met by advancing trivial contentions that the variance will adversely affect neighboring property *(see, Matter of Young v Board of Zoning Appeals,* 35 AD2d 430, *affd* 29 NY2d 685). The scope of the four variances granted was so substantial and the extent of the additional lot-coverage variance sought so slight that, in our view, to grant the former and deny the latter constituted arbitrary action. Reliance by the ZBA upon "aesthetic considerations" in reaching its decision was inappropriate *(see, Matter of De Sena v Board of Zoning Appeals,* 45 NY2d 105, 109). In the present case the zoning ordinance provides no authority to the ZBA to apply aesthetics as a standard in considering applications for area variances.

Further, the record establishes that many lots in the area do not conform with the minimum lot-coverage requirements. Here the limitation on the lot-coverage variance granted was not reasonably related to valid government interests *(see, Matter of National Merritt v Weist,* 41 NY2d 438, 443; *Matter of Carlozzi v Barlow,* 120 AD2d 20).

All concur, except Boomer and Pine, JJ., who dissent and vote to reverse, in the following memorandum.

Boomer and Pine, J. (dissenting). We respectfully dissent. Petitioners brought a CPLR article 78 proceeding to annul a determination by respondent which granted only in part their application for an area variance. The zoning ordinance permits lot coverage not in excess of 25%. Petitioners sought a variance to allow a structure covering 32% of their lot, but respondent granted a variance permitting only 29% coverage, finding that petitioners had shown practical difficulty only to that extent. Special Term annulled respondent's determination as arbitrary and capricious, and directed that petitioners be granted a variance to permit 32% lot coverage. We disagree with the majority's finding that the Board had any burden which it failed to meet, and we reject the notion that

the Board was somehow obligated to grant the variance with respect to coverage of the lot to the full extent requested because it had granted four other substantial variances.

"[L]ocal zoning boards have discretion in considering applications for variances and the judicial function is a limited one. A zoning board determination should not be set aside unless there is a showing of illegality, arbitrariness or abuse of discretion. *(Conley v Town of Brookhaven Zoning Bd. of Appeals,* 40 NY2d 309.) That is to say, the determination of responsible local officials in the affected community will be sustained if it has a rational basis and is supported by substantial evidence. *(Matter of Cowan v Kern,* 41 NY2d 591, 599; *McGowan v Cohalan,* 41 NY2d 434, 438; *Matter of Wilcox v Zoning Bd. of Appeals of City of Yonkers,* 17 NY2d 249, 255.)" *(Matter of Fuhst v Foley,* 45 NY2d 441, 444-445.) The determination of respondent was certainly rational, and the evidence on the record supports its decision to limit the area variance to 29% coverage of the lot.

An applicant for a zoning variance must show that " 'strict compliance with the zoning ordinance will result in practical difficulties.' " *(Matter of Fuhst v Foley, supra,* at 445.) Although petitioners were requesting an area variance to permit 32% coverage of the lot, the proof they presented before respondent showed only that a structure on their lot which covered less than 29% of its area would result in a financial loss. This provides an appropriate showing of practical difficulty *(see, Matter of National Merritt v Weist,* 41 NY2d 438, 442-443), and it was accepted by respondent as a basis for granting an area variance to allow 29% coverage of the lot. Petitioners have failed to establish by any proof that their practical difficulties cannot be overcome with a variance permitting 29% coverage of the lot. Respondent accepted the only showing made by petitioners as its basis for the variance that it did grant. Because there was substantial evidence to support respondent's determination, we would reverse Special Term, and we would confirm respondent's determination. (Appeal from judgment of Supreme Court, Ontario County, Wesley, J.—art 78.) Present—Doerr, J. P., Boomer, Green, Pine and Davis, JJ.