■ In the Matter of CHILDREN'S HOSPITAL OF BUFFALO, Appellant, v ZONING BOARD OF APPEALS OF THE CITY OF

BUFFALO, Respondent.—Judgment unanimously reversed on the law without costs and petition granted in accordance with the following Memorandum: The various structures comprising Children's Hospital of Buffalo have been situated between Bryant Street and Hodge Avenue in the City of Buffalo since 1892. The Hospital has used its existing facility for the incineration of solid waste since 1953. The incineration building and stack are located at the northeast corner of "B" Building, which fronts on Hodge Avenue, and next to the Hospital's generator building, which also fronts on Hodge Avenue. In 1989, the State Department of Environmental Conservation promulgated regulations for the operation of incinerators by hospitals. After considering various alternatives, the Hospital decided to install a replacement incinerator that would comply with the new environmental regulations at the same location as the existing incinerator structures. The replacement incinerator will use the existing stack but, because it will be larger than the existing equipment, installation of the replacement requires the construction of a new building that will invade the 25-foot minimum setback requirement of the Buffalo Zoning Ordinance by 10 feet. The Hospital applied for an area variance. After two public hearings, respondent Zoning Board denied the application upon the sole ground that the Hospital failed to demonstrate that the requested variance would not substantially change the character of the neighborhood or be a substantial detriment to adjoining properties. The Hospital now appeals from a judgment dismissing its petition to annul that determination. We reverse, grant the petition and direct respondent to grant the area variance.

An applicant for an area variance must demonstrate practical or economic difficulty in complying with the literal requirements of the zoning ordinance (*Matter of Fuhst v Foley,* 45 NY2d 441, 445; *Matter of Cowan v Kern,* 41 NY2d 591, 598). In making that demonstration, the following considerations should be addressed: "(1) how substantial the variation is in relation to the requirement, (2) the effect, if the variance is allowed, of the increased population density thus produced on available governmental facilities (fire, water, garbage and the like), (3) whether a substantial change will be produced in the character of the neighborhood or a substantial detriment to adjoining properties created, (4) whether the difficulty can be obviated by some method, feasible for the applicant to pursue, other than a variance, and (5) whether in view of the manner in which the difficulty arose and considering all of the above factors the interests of justice will be served by allowing the

variance" *(Matter of Wachsberger v Michalis,* 19 Misc 2d 909, 912; *see also, Matter of Stengel v Town of Woodstock Zoning Bd. of Appeals,* 155 AD2d 854, 855-856; *Human Dev. Servs. v Zoning Bd. of Appeals,* 110 AD2d 135, 139-140, *affd* 67 NY2d 702). Once the applicant demonstrates practical difficulties, the municipality must prove that relevant public health, safety and welfare concerns outweigh the applicant's difficulties and require strict adherence to the applicable zoning standard *(see, Matter of Cowan v Kern, supra,* at 596; *Matter of Franchise Realty Interstate Corp. v Pisaturo,* 75 AD2d 1003, 1004).

As previously noted, respondent Board concluded that the Hospital failed to demonstrate practical difficulties upon the sole ground that it failed to show that the variance would not produce a substantial change in the neighborhood or a substantial detriment to adjoining properties. That determination lacks a rational basis and is not supported by substantial evidence. The record reveals that about 80% (424 feet) of the front of the Hospital's "B" Building already invades the minimum setback from Hodge Avenue; that the proposed 10-foot invasion for some 46 frontage feet would be consistent with "B" Building's setback; and that the adjoining generator building invades the setback limit a much greater distance— to the sidewalk. That evidence indicates that the requested variance is consistent with existing setbacks in the immediate area and will not substantially change the character of the neighborhood *(see, Matter of De Sena v Board of Zoning Appeals,* 45 NY2d 105; *Matter of Zwitzer v Zoning Bd. of Appeals,* 144 AD2d 1023, *affd* 74 NY2d 756; *Human Dev. Servs. v Zoning Bd. of Appeals,* 110 AD2d 135, *supra).*

There is no evidence that a grant of the variance will cause detriment to adjoining properties. Moreover, the municipality presented no evidence that strict enforcement of the setback requirement would promote some relevant public interest "sought to be vindicated by the zoning ordinance" *(Matter of Fulling v Palumbo,* 21 NY2d 30, 34; *see also, Matter of Rider v Board of Appeals,* 172 AD2d 673; *Matter of Zwitzer v Zoning Bd. of Appeals,* 144 AD2d 1023, 1024, *supra; Human Dev. Servs. v Zoning Bd. of Appeals, supra).* Environmental concerns expressed by neighbors and others are not, in the context of this matter, relevant bases for denial of the variance. The uncontroverted evidence indicates that the replacement incinerator will improve air quality and that emissions will continue to flow from the same stack that has been used for the past 38 years. The record reveals that the Hospital

satisfied its burden of demonstrating practical difficulties and that it is entitled to an area variance. (Appeal from Judgment of Supreme Court, Erie County, Rath, Jr., J.—Article 78.) Present—Callahan, J. P., Boomer, Balio, Davis and Doerr, JJ.