■ GEORGE CHRISTIAN et al., Appellants, v. JULIUS LAUFER et al., Constituting the Board of Appeals of the Village of Westbury, Respondents.— In a proceeding under article 78 of the CPLR, to vacate and annul a determination of the Board of Appeals of the Village of Westbury denying the petitioners' application for a variance in the required lot area and for a building permit to erect a one-family dwelling, the petitioners appeal from a judgment of the Supreme Court, Nassau County, entered November 19, 1964, which dismissed their petition. Judgment reversed on the law and the facts, with costs; petition granted; and respondents directed to grant petitioners' application for an area variance and to issue forthwith to petitioners an appropriate building permit. Findings of fact contained or implicit in the decision below which may be inconsistent herewith are reversed, and new findings made as indicated herein. In 1964 petitioners purchased a 14,000-square-foot corner parcel of land which was then, and which had been for a number of years prior to the enactment of the Zoning Ordinance, improved with a one-family dwelling fronting on Fulton Street. Petitioners thereupon divided the parcel in two and sold one part consisting of 8,650 square feet containing the existing house. They retained 5,350 square feet fronting Asbury Avenue. The zoning line divided the original parcel in such a manner that 10,000 square feet fronting on Fulton Street was in a Residence "A" zone requiring a minimum plot of 7,500 square feet, and 4,000 square feet fronting Asbury Avenue was in a Residence "B" District, with a minimum requirement of 5,000 square feet. The Zoning Ordinance empowered the respondent board to grant variances and to permit a use permitted on one part of a lot divided by a zone division line up to 25 feet into a more restricted district. In our opinion, the latter provision authorizes the board to extend one residence

use district into a more restricted residence use district and, under the circumstances of this case, it was arbitrary and unreasonable for the board to refuse to do so. In any event, it is our opinion that it was an improvident exercise of discretion for the board to refuse a variance. The division of the original parcel into two zones was a recognition that there were two plots. The 14,000-square-foot parcel exceeded the requirements for building both in a 7,500-square-foot zone and in a 5,000-square-foot zone. The placement of the zoning line, however, while recognizing that there were two plots and two zones, created a practical difficulty preventing a reasonable utilization of the land involved. This practical difficulty existed long before the petitioners sold the parcel fronting on Fulton Street. The only solution to this practical difficulty was the course taken by petitioners. The lot sold fully conformed with the requirements of the "A" zone. The lot retained, which lies 75% into the "B" zone, fully complies therewith. Under these circumstances, the board should have granted a variance. Beldock, P. J., Ughetta, Christ, Brennan and Hopkins, JJ., concur.