■ SUFFOLK DIAMOND & JEWELRY EXCHANGE, Respondent, v STANLEY P. AMELKIN et al., Individually and Constituting the Zoning Board of Appeals of the Town of Huntington, Appellants. — In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Town of Huntington, dated February 22, 1979, which, after a hearing, denied petitioner's application for a special use permit, the appeal is from a judgment of the Supreme Court, Suffolk County, entered October 19, 1979,

which, *inter alia,* annulled the determination and, in effect, directed that the petitioner be granted an area variance legalizing additional (existing) facial signs on its business premises. Judgment reversed, on the law, without costs or disbursements, determination confirmed and proceeding dismissed on the merits. On the basis of the evidence adduced at the hearing before the zoning board of appeals, it cannot be said that the board acted arbitrarily or abused its discretion in denying petitioner's application for a special use permit authorizing the maintenance of additional facial signs on its business premises (cf. *Matter of Highpoint Enterprises v Board of Estimate of City of N.Y.,* 67 AD2d 914, affd 47 NY2d 935). In addition, as regards the relief awarded at Special Term (i.e., an area variance), the proof at the hearing fell far short of demonstrating the requisite practical difficulty or economic hardship to entitle the petitioner to such relief (see *Matter of Fuhst v Foley,* 45 NY2d 441; *Matter of Cowan v Kern,* 41 NY2d 591), and tended merely to establish that the petitioner would obtain an economic benefit (i.e., a business advantage) were it to be granted a variance from the local ordinance regulating the size and number of facial signs in a C-5 business district. Under these circumstances, the award of an area variance by Special Term was improper. Rabin, J.P., Gulotta and O'Connor, JJ., concur; Weinstein and Thompson, JJ., dissent and vote to affirm the judgment.