In the Matter of ORCHARD MICHAEL, INC., Respondent, v EILEEN FALCON et al., Constituting the Zoning Board of Appeals of the Town of Orchard Park, Appellants, and C & P PROPERTY, Respondent.

Petitioner owns a Tops Supermarket in Orchard Park. When the property was acquired and the supermarket constructed in 1972, the side yard setback was 75 feet. The zoning ordinance has since been amended reducing the required setback to 25 feet. Petitioner sought a variance, which would sanction an encroachment of up to 14 feet into the 25-foot setback, for the purpose of enlarging its market by about 46% of its present size so that the market could be more profitable and more competitive with larger, newer markets in the area. The evidence before the Board clearly indicates that petitioner failed to establish that the denial of the variance would result in the affliction of either significant economic hardship or practical difficulties. "Before the zoning authority is required to explain why the public health and welfare requires adherence to the zoning standard, the petitioner must first come forward with proof of significant economic injury" (*Matter of Cowan v Kern,* 41 NY2d 591, 596; *see, Matter of National Merritt v Weist,* 41 NY2d 438). Here, the only grounds shown for the application — i.e., to make the supermarket more profitable and competitive — do not sufficiently establish significant economic injury so as to sustain the granting of a variance (*see,* 2 Anderson, NY Zoning Law and Practice § 23.39 [3d ed 1984]; *see also, Suffolk Diamond &*

*Jewelry Exch. v Amelkin,* 81 AD2d 912; *Matter of Brower v Board of Zoning Appeals,* 58 AD2d 863). Moreover, the alleged economic hardship is a result of petitioner's failing to acquire sufficient land in 1972 to permit expansion within the zoning restrictions. "While the fact that any financial hardship was self-imposed does not prevent the board from granting [an area] variance in a proper exercise of its discretion (*Conley v Town of Brookhaven Zoning Bd. of Appeals,* 40 NY2d 309, 315 * * *), the existence of a self-created hardship does not entitle the landowner to demand a variance" (*Matter of Cowan v Kern, supra,* p 597; *see, Matter of National Merritt v Weist, supra*). Because it cannot be said that the Board's conclusion that petitioner had not established practical difficulties was illegal, arbitrary or an abuse of discretion, Special Term should not have set it aside (*see, Conley v Town of Brookhaven Zoning Bd. of Appeals, supra*). (Appeal from judgment of Supreme Court, Erie County, Ricotta, J. — art 78.) Present — Hancock, Jr., J. P., Doerr, Boomer, Green and O'Donnell, JJ.