■ SHIRLEY GREGORY et al., Appellants, v TOWN OF CAMBRIA et al., Respondents.—Judgment unanimously affirmed, without costs. Memorandum: As Special Term properly concluded, the action of the Zoning Board of Appeals in granting the area variance was not illegal, arbitrary or an abuse of discretion *(see, Matter of Orchard Michael v Falcon*, 110 AD2d 1048, *affd* 65 NY2d 1007). The record demonstrates that because of the peculiar configuration of respondent Carter's triangular parcel, the application of the parking set-back provisions would prohibit parking on all of Carter's lot not covered by the building. The adverse impact of this total prohibition of parking on Carter's trucking and excavating business is self-evident. The showing was sufficient to establish practical difficulties under the circumstances *(see, Matter of Fuhst v Foley*, 45 NY2d 441, 445; *Christian v Laufer*, 24 AD2d 624; *Matter of Richards v Zoning Bd. of Appeals*, 285 App Div

287; 2 Anderson, New York Zoning Law and Practice § 23.35, at 211-213 [3d ed 1984]).

The provision in the Town Zoning Ordinance permitting the Zoning Board of Appeals to grant a variance, regardless of type, *only* when "unnecessary hardship" has been demonstrated is in direct conflict with Town Law § 267 (5), which mandates that the Town Zoning Board of Appeals "shall have the power" to grant a variance "[w]here there are practical difficulties or unnecessary hardships in the way of carrying out the strict letter" of a zoning provision. Thus, the provision of the Town Zoning Ordinance in curtailing the powers of the Zoning Board of Appeals in contravention of the express mandate of the statute, if applied here so as to require a demonstration of "unnecessary hardship" for granting an area variance, is a nullity (NY Const, art IX, § 2 [c] [i]; Municipal Home Rule Law § 10 [1] [i]; *see, Consolidated Edison Co. v Town of Red Hook,* 60 NY2d 99, 105; *State of New York v Trustees of Freeholders & Commonalty,* 99 AD2d 804, 805). We reject petitioners' argument that the provision of the ordinance which is inconsistent with Town Law § 267 has effected an amendment of that section as it applies to the Town of Cambria. Local legislation could not have such effect for several reasons. It is an ordinance, not a local law *(see,* Municipal Home Rule Law § 10 [1] [ii] [d] [3]). It did not purport to amend or supersede Town Law § 267 (5) in its application to the Town of Cambria *(cf. Rozler v Franger,* 61 AD2d 46, *affd* 46 NY2d 760). Finally, the ordinance was passed in 1974 before towns were empowered to amend and supersede general laws (Municipal Home Rule Law § 10 [1] [ii] [d] [3], as added by L 1976, ch 365, § 1, eff June 15, 1976). (Appeal from judgment of Supreme Court, Niagara County, Bayger, J.—art 78.) Present—Hancock, Jr., J. P., Doerr, Denman, O'Donnell and Pine, JJ.