■ In the Matter of CDK RESTAURANT, INC., et al., Appellants, v ROBERT KRUCKLIN et al., Respondents.—In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Zoning Board of Appeals of the Town of Southampton, which denied the petitioners' application for an area variance, the petitioners appeal from a judgment of the Supreme Court, Suffolk County (DeLuca, J.), dated February 8, 1984, which dismissed the proceeding.

Judgment affirmed, with costs.

The petitioner CDK Restaurant, Inc. (hereinafter CDK) operates a restaurant on land owned by the petitioner Charles Altenkirch & Sons, Inc. The restaurant is located on the east side of the Shinnecock Canal in Hampton Bays, Long Island. In 1975, CDK obtained an area variance to enlarge the restaurant by moving a wall from a distance of 35 feet from the canal bulkhead to a distance of only 10 feet away. Pursuant to the conditions of the variance granted in 1975, the remaining 10-foot-wide area between the restaurant and the canal was to be left open and unemcumbered by any restaurant equipment or activity. It was to be used solely as a walkway or deck, in order to ensure the safety of pedestrian traffic passing adjacent to the canal.

During 1979 and 1980, the petitioner CDK illegally, i.e., without a variance or permit, enclosed the 10-foot-wide open deck and started using it as part of the restaurant's seating area in order to accommodate increased business.

The petitioners' instant application for an area variance nunc pro tunc, allowing the enclosure, was denied by the respondent Zoning Board of Appeals of the Town of Southampton, after a hearing, on the grounds of fire protection and preservation of the scenic character of the canal for the benefit of the recreation and vacation industries. These grounds were valid and supported by substantial evidence.

Although the petitioner CDK established that it would cost it approximately $17,500 to dismantle the illegal extension, that expense was clearly self-created, and the respondent Zoning Board had no obligation to weigh that expense in the petitioners' favor (see, Matter of Banos v Colborn, 30 NY2d 502, affg 35 AD2d 281; Contino v Incorporated Vil. of Hempstead, 27 NY2d 701; Matter of Martirano v Zoning Bd. of Appeals, 87 AD2d 820, affd 57 NY2d 867). Finally, there is no evidence in the record that the restaurant could not be operated profitably before the illegal extension was added. The mere fact that the restaurant's profits would not be as large without the expanded area does not constitute a hardship necessitating the grant of a variance (see, Matter of Fuhst v Foley, 45 NY2d 441; Suffolk Diamond & Jewelry Exch. v Amelkin, 81 AD2d 912). Since the Zoning Board's determination had "a rational basis and [was] supported by substantial evidence" it should not be set aside (Matter of Fuhst v Foley, supra, p 444; Matter of Wachsberger v Michalis, 19 Misc 2d 909, 912). Therefore, Special Term properly dismissed the proceeding. Mangano, J. P., Brown, Weinstein and Spatt, JJ., concur.