■ In the Matter of HERNANDO PACHECO, Petitioner, v MARTHA DE SALVO et al., Respondents.—Proceeding pursuant

to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Village of Freeport, dated November 20, 1985, which, after a hearing, denied the petitioner's application for an area variance.

Adjudged that the determination is confirmed and the proceeding is dismissed on the merits, with costs.

The petitioner is the owner of real property situated in a "Residence A District" zone in the Village of Freeport, which is presently improved with, *inter alia,* a one-family residence. The petitioner applied for a building permit to erect a second residence with a proposed subdivision providing for one lot which met all of the requirements of the Village Code except those provisions which require that the width of the lot upon which a building may be erected may not be less than 50 feet "at a point between the side lines from the front property line to the rear building line of the proposed structure" (Code of Village of Freeport § 210-40). The record reveals that the width of the proposed lot narrows to 43 feet for approximately one half of the length of the residence the petitioner proposes to construct thereon. The petitioner's application for a building permit to erect the second residence was denied in light of the failure of the lot to meet the continuous 50-foot width requirement. Thereafter, the petitioner applied to the Zoning Board of Appeals of the Village of Freeport for a variance seeking relief from the 50-foot width requirement. After a hearing at which the petitioner disclosed that the second residence was to be used by his two daughters who would move to Freeport from their homes in, respectively, Florida and Oregon, the Zoning Board of Appeals denied the petitioner's application, stating that "the proposed structure does not conform to the zoning ordinance of the Village of Freeport. It will substantially alter the character of the neighborhood and will create hazards and endanger the health, safety and welfare of the residents in the neighborhood and would depreciate property values in the neighborhood." In December 1985, the petitioner commenced the instant proceeding pursuant to CPLR article 78 to review the denial of his application by the Zoning Board of Appeals. The proceeding was transferred to this court pursuant to CPLR 7804 (g).

Initially, this proceeding was improperly transferred to this court *(see,* Village Law § 7-712 [3]). Nevertheless, this court will retain jurisdiction to determine the issues raised by the petitioner *(see, Matter of Bravata's Carting v Town of Huntington,* 120 AD2d 521, 522; *Matter of Portugal v Webb,* 91 AD2d 997, 998).

The law is well settled that local zoning boards have discretion in considering applications for variances and that judicial review is limited to determining whether the action taken by the board was illegal, arbitrary or an abuse of discretion *(see, e.g., Matter of Fuhst v Foley,* 45 NY2d 441). In order to justify the grant of an area variance, the applicant bears the burden of establishing that strict compliance with the zoning law will cause "practical difficulties" *(Matter of Fuhst v Foley, supra,* at 445; *Human Dev. Servs. v Zoning Bd. of Appeals,* 110 AD2d 135, 139, *affd* 67 NY2d 702). Although a precise definition of the term "practical difficulties" has yet to be formulated, in order to establish practical difficulties, "in general [a] petitioner must show that as a practical matter he cannot utilize his property or a structure thereon 'without coming into conflict with certain of the restrictions of the [zoning] ordinance' " *(Matter of Fuhst v Foley, supra,* at 445, quoting from 3 Rathkopf, Zoning and Planning, ch 45, § 1 [4th ed]). Once the applicant adduces proof of significant economic injury, the zoning authority bears the burden of going forward with proof that the restriction is reasonably related to a legitimate exercise of the zoning power *(see, Human Dev. Servs. v Zoning Bd. of Appeals, supra).*

At bar, the petitioner has failed to carry his burden of establishing that the denial of his application for a variance would result in practical difficulties. The petitioner presented no evidence before the Zoning Board of Appeals that he would suffer significant economic injury should his application for the variance be denied *(see, Matter of Cowan v Kern,* 41 NY2d 591, 600-601; *cf., Matter of Jackson v Kirkpatrick,* 125 AD2d 471). Furthermore, the record reveals that the denial of the area variance does not place the petitioner in the position of having property which cannot be used without coming into conflict with the zoning ordinance. Here, the petitioner already has the use of a one-family residence which has been developed in accordance with the ordinance and which he presently occupies *(cf., Matter of Fuhst v Foley,* 45 NY2d 441, 445, *supra).* In our view, no facts submitted by the petitioner to the Zoning Board of Appeals in support of his application for a variance indicate that the petitioner or his family has been denied practical use of the premises by virtue of the requirement of strict compliance with the 50-foot frontage requirement. Mangano, J. P., Kunzeman, Kooper and Spatt, JJ., concur.