■ In the Matter of MAURA DAUSEY et al., Appellants, v CHRISTOPHER KELLEY, as Chairman of the East Hampton Town Zoning Board of Appeals, et al., Respondents.—In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Town of East Hampton

(hereinafter the Board), dated March 24, 1986, which denied the petitioners' application for a natural resources special permit to build a swimming pool, the petitioners appeal from a judgment of the Supreme Court, Suffolk County (Underwood, J.), entered October 22, 1986, which upheld the Board's determination and dismissed the petition on the merits.

Ordered that the judgment is affirmed, with costs.

The petitioners' property fronts on the shores of Three Mile Harbor in the Town of East Hampton, and contains tidal wetlands. In view of this location of the property, the petitioners were required to obtain, in accordance with section 153-4-22 of the Town of East Hampton Code, a "natural resources special permit" before construction could begin on the subject property. The petitioners were granted a natural resources special permit to the extent that they were allowed to build a house and a deck on the property. However, their application for a natural resources special permit for the construction of a swimming pool was denied by the Board.

It is well settled that "[e]ntitlement to a special exception is not a matter of right * * * The stated standards in the ordinance guiding the board's consideration of special exception applications condition availability of a special exception, and compliance with those standards must be shown before any exception can be secured" *(Matter of Tandem Holding Corp. v Board of Zoning Appeals,* 43 NY2d 801, 802). Moreover, the determination of the Board may not be disturbed if based on substantial evidence that the application is significantly deficient under the criteria set forth in the zoning ordinance *(see, Matter of Sullivan v Town Bd.,* 102 AD2d 113). In denying the petitioners' application for a natural resources special permit to construct a pool on the subject property, the Board found that construction of the proposed pool would, *inter alia,* cause increased erosion of the soil of the property which could adversely affect the wetlands and Three Mile Harbor, and "pose a constant threat of chemical contamination" in this sensitive area, "through accident, flooding, or improper maintenance".

A review of the hearing conducted by the Board and the record indicates that there was substantial evidence to support its findings that the proposed pool would be harmful to the environment and that the petitioners did not satisfy the criteria set forth in Town of East Hampton Code § 153-5-50 governing the issuance of natural resources special permits.

We have considered the petitioners' remaining contention

and find it to be without merit *(see, Matter of Lemir Realty Corp. v Larkin,* 11 NY2d 20, 25). Mangano, J. P., Bracken, Spatt and Harwood, JJ., concur.