■ ROBERTA E. GOTTLIEB, Respondent, v BOARD OF APPEALS OF THE CITY OF RYE et al., Appellants.—In a proceeding pursuant to CPLR article 78 to review, *inter alia,* a determination dated February 6, 1986, of the Board of Appeals of the City of Rye, which, after a hearing, granted an application for area variances, the appeal is from a judgment of the Supreme Court, Westchester County (Walsh, J.), entered November 19, 1986, which annulled that determination and denied the application.

Ordered that the judgment is affirmed, without costs or disbursements.

On this appeal, the petitioner challenges the propriety of the decision to grant front-yard setback variances to a neighbor who had been granted tentative preliminary subdivision approval to divide her 2.3-acre parcel of land into four lots.

The preliminary subdivision approval was subject to various conditions, one of which provided: "Prior to applying for final subdivision approval, secure a front [yard] setback variance for proposed lot D and attempt to secure a front yard variance for proposed lot C for the purpose of increasing the rear yard setback to provide increased protection for the abutting Rye City Nature Center property".

After a public hearing, the Board of Appeals of the City of Rye granted 30-foot front-yard setback variances for both lot C and lot D. In its decision, the Board conceded that the subject parcel could be subdivided into four conforming lots without the need for variances but granted the variances in order to prevent the lots from having "odd configurations".

An applicant for an area variance bears the burden of establishing that strict compliance with the zoning law will cause " 'practical difficulties' " *(Matter of Fuhst v Foley,* 45 NY2d 441, 443; *Matter of Pacheco v De Salvo,* 127 AD2d 597; Rye City Code § 197-81). In general, this requires a showing that "as a practical matter [an applicant] cannot utilize his property or a structure located thereon 'without coming into conflict with certain of the restrictions of the [zoning] ordinance' " *(Matter of Fuhst v Foley, supra,* at 445, quoting 3 Rathkopf, Zoning and Planning, ch 45, § 1 [4th ed]).

The Board's concession that the subject parcel could be subdivided without the need for variances is an implicit concession that the applicant had not met her burden of establishing practical difficulties *(see, Matter of Fuhst v Foley, supra; Matter of Pacheco v De Salvo, supra).* Furthermore, granting the variances contravened the standard imposed by Rye City Code § 197-81 and the decisional law *(see, e.g., Human Dev. Servs. v Zoning Bd. of Appeals,* 110 AD2d 135, 139, *affd* 67 NY2d 702), which mandate that the variances constitute the minimum adjustment needed to mitigate the alleged hardship. Since the Board acknowledged that the subject parcel could be subdivided into four conforming albeit odd-shaped lots, it is clear that the alleged difficulty may feasibly be avoided by means other than a variance. Moreover, the Board's granting of variances violated the governing code which forbids the granting of variances where the alleged hardship results from the act of the applicant (Rye City Code § 197-81 [A]). Here, it was the aesthetic design proposed by the applicant which necessitated the granting of the variances. In fact, it appears that the Board granted the variances solely because of aesthetic considerations. In so doing, we find that the Board exceeded the authority granted to it by Rye City

Code § 197-81 *(see, Matter of De Sena v Board of Zoning Appeals,* 45 NY2d 105, 109). Absent specific authorization which provides sufficient guidance to prevent arbitrary actions, a zoning board of appeals may not grant an area variance solely for aesthetic reasons *(see, Matter of De Sena v Board of Zoning Appeals, supra; see also, Matter of RRI Realty Corp. v Hattrick,* 132 AD2d 558).

Accordingly, the Supreme Court, Westchester County, properly annulled the Board's determination. Eiber, J. P., Kooper, Sullivan and Balletta, JJ., concur.