■ In the Matter of THOMAS GRAZIANO, Respondent, v JOSEPH SCALAFANI et al., Constituting the Board of Zoning Appeals of the Village of Lindenhurst, Appellants.—In a proceeding pursuant to CPLR article 78 to review a determination of the Board of Zoning Appeals of the Village of Lindenhurst (hereinafter board), dated October 28, 1986, which denied the petitioner's application for an area variance, the appeal is from an order and judgment (one paper) of the Supreme Court, Suffolk County (Brown, J.), dated May 29,

1987, which annulled the determination and directed the issuance of the variance.

Ordered that the order and judgment is reversed, on the law, without costs or disbursements, the determination is confirmed, and the proceeding is dismissed on the merits.

The petitioner is the owner of a 12,500-square-foot (100 feet x 125 feet) parcel of real property located in the Village of Lindenhurst which is presently improved by a dilapidated one-family residence. He seeks to subdivide the property into two separate lots, to demolish the existing structure, and to then erect a new single-family dwelling on each of the two parcels. The proposed subdivision would yield two lots with street frontages of about 62 feet and lot sizes of approximately 6,250 square feet (62.50 feet x 100 feet). The applicable zoning ordinance, however, requires a minimum of 75 feet for street frontage and a minimum lot area of 7,500 square feet. Consequently, the petitioner applied for an area variance seeking a reduction from the minimum lot size and a reduction from the required frontage.

The board denied the petitioner's application after a hearing at which no opposition to the proposed subdivision and variance was submitted. The petitioner thereafter commenced this proceeding seeking review of the board's determination. The Supreme Court directed issuance of the area variance. This was error.

It is well settled that local zoning boards have substantial discretion in considering applications for variances and that reviewing courts are limited to determining whether the action taken was illegal, arbitrary or an abuse of discretion (see, Matter of Fuhst v Foley, 45 NY2d 441, 444; Human Dev. Servs. v Zoning Bd. of Appeals, 110 AD2d 135, affd 67 NY2d 702). At bar the petitioner sought an "area" variance from the minimum frontage and lot area requirements, and therefore was required to show that a literal application of the zoning regulations to his land would result in practical difficulties (see, Matter of Fuhst v Foley, supra). Essentially, this means that the petitioner was required to show that as a practical matter he could not utilize his property " 'without coming into conflict with certain of the restrictions of the ordinance' " (see, Matter of Fuhst v Foley, supra, at 445, quoting from 3 Rathkopf, Law of Zoning and Planning, ch 45, § 1 [4th ed]).

In this case, the petitioner is presumed to have had knowledge of the applicable zoning regulations, including street frontage and area requirements, at the time he purchased the

property. Thus, any claimed hardship was clearly self-created. While it is true that a finding of self-created hardship does not mandate the denial of an application for an area variance *(see, Matter of De Sena v Board of Zoning Appeals,* 45 NY2d 105, 108), the board could properly consider the fact that the petitioner's difficulty was self-created in deciding to deny his application for an area variance *(see, Matter of National Merritt v Weist,* 41 NY2d 438).

Moreover, the petitioner has failed to meet his burden of proving significant economic injury in the event a variance were not granted. The mere fact that the parcel could be used more profitably if the variance were granted is insufficient to warrant granting the petitioner's application *(see, Matter of Cowan v Kern,* 41 NY2d 591, 596-597, *rearg denied* 42 NY2d 910; *Human Dev. Servs. v Zoning Bd. of Appeals, supra,* at 139-140).

Under these circumstances, the determination of the zoning board of appeals was supported by substantial evidence, was neither arbitrary nor capricious, and is confirmed *(see, Matter of Iannucci v Casey,* 140 AD2d 343). Rubin, J. P., Kooper, Sullivan and Balletta, JJ., concur.