In the Matter of LEONA JURKIEWICZ, Appellant, v ZONING BOARD OF APPEALS OF THE VILLAGE OF EAST HAMPTON, Respondent. JERE ROSE, Intervenor-Respondent.—In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Village of East Hampton, dated May 2, 1986, which denied the petitioner's application for area variances, the appeal is from a judgment of the Supreme Court, Suffolk County (Orgera, J.), dated May 28, 1987, which dismissed the petition.

Ordered that the judgment is affirmed, with costs to the respondent-respondent.

Helen S. Parker owned a nonconforming substandard parcel of land in East Hampton improved by two dwellings which preexisted the applicable zoning ordinance. Under the terms of her last will and testament, the smaller of the two dwellings was devised in fee to the petitioner Jurkiewicz, contingent upon the granting of area variances required in order

that the subject parcel might be subdivided into two lots, each improved by one dwelling. In the event subdivision approval was not forthcoming, the will provided that the petitioner would retain a life estate in the smaller of the two dwellings, while a second devisee would become the fee owner of the entire parcel together with the structures thereon.

The requested variances from the minimum area, side, rear and front yard setback requirements were of substantial magnitude. The evidence before the Zoning Board established that the proposed subdivision of the already substandard lot would create two nonconforming lots of approximately 10,000 square feet each, or approximately one quarter of the minimum area requirement of 40,000 square feet.

The Zoning Board denied the application on the grounds that (1) approval would result in the extension of the already nonconforming parcel by permitting its subdivision into two grossly substandard parcels, and (2) the estate had not demonstrated an economic hardship sufficient to justify the area variances.

The zoning board's denial of the application was rational and will not be disturbed (see, Matter of Fuhst v Foley, 45 NY2d 441, 444; Matter of 113 Hillside Ave. Corp. v Zaino, 27 NY2d 258, 262). To justify issuance of the requested variances it was incumbent upon the estate to demonstrate that denial of the variances "would result in the infliction of either significant economic hardship or practical difficulty" (Matter of Cowan v Kern, 41 NY2d 591, 596, rearg denied 42 NY2d 910; see, Matter of Mandigo v Zoning Bd. of Appeals, 45 AD2d 964). The practical difficulty alleged by the estate was its purported inability to equitably divide the subject property between the two named devisees without the variances and subdivision. Inasmuch as the will specifically set forth an alternative devise in the event subdivision was not possible, the estate failed to meet its burden of demonstrating that the property could not be utilized without the requested variances (see, Matter of Fuhst v Foley, supra, at 445). The fact that approval of the application would greatly inure to the benefit of the petitioner, giving her fee ownership of the smaller dwelling as opposed to a life estate, was not the proper concern of the Zoning Board (see, North Fork Motel v Grigonis, 93 AD2d 883). Nor does the evidence that the variance would increase the combined value of the structures thereon by approximately $45,000 establish significant economic injury sufficient to sustain the grant of a variance (see, Matter of Cowan v Kern, supra, at 597; Matter of Paniccia v Volker, 133

AD2d 404). Kooper, J. P., Sullivan, Harwood and Balletta, JJ., concur.