■ In the Matter of VIVEST BUILDING CORP., Petitioner, v RAYMOND AUWARTER et al., Constituting the Board of Zoning Appeals of the Incorporated Village of Brookville, Respondents.—Proceeding pursuant to CPLR article 78 to review an undated determination of the respondent Board of Zoning Appeals of the Incorporated Village of Brookville which, after a hearing, denied the petitioner's application for lot depth variances.

Adjudged that the determination is confirmed and the proceeding is dismissed on the merits, with costs.

The petitioner, Vivest Building Corporation, is the contract vendee of premises approximately 40.05 acres in area. The property lies primarily in the Incorporated Village of Brookville (hereinafter Brookville), with a portion lying in an unincorporated area within the Town of Oyster Bay. Toward the northwest corner of the property there extends—for approximately 2,300 feet—a segment of land which the parties have referred to as the "tail" of the parcel. This "tail" is entirely within the Village of Brookville.

In November 1987 the petitioner filed an application to subdivide the premises with the Planning Board of Brookville (hereinafter the Planning Board). The application included a map which displayed 16 lots, each of which was a minimum of two acres in area. Of the 5 lots shown in the "tail", 4 did not possess the necessary lot depth of 250 feet and, therefore, required variances. With the addition of a proposed road abutting the northern portion of the "tail", the lot depths

would be reduced to approximately 190 feet in depth. Subsequently, the Planning Board granted preliminary subdivision approval subject to various conditions, of which the pertinent ones were that: (a) the petitioner submit 2 alternate revised plans, 1 of which would show the elimination of 1 lot, and 1 of which would show the elimination of 2 lots, from the "tail" of the property, (b) the petitioner submit a history of the parcel, and (c) the petitioner secure all necessary variances from the respondent Board of Zoning Appeals of Brookville (hereinafter the Zoning Board).

At a joint hearing of the Planning Board and the Zoning Board, the petitioner submitted the two alternate subdivision maps—a 15-lot and 14-lot map—and a history of the parcel. Although depth variances were required for the lots situated in the "tail", the lots proposed in both alternative maps were otherwise in conformity with the zoning ordinance. A review of the parcel history showed that the "tail" of the premises was created in 1941, and has since that date remained in its current configuration.

The respondent Zoning Board denied the petitioner's application for the variances, reasoning that subdivision of the property into 12 building plots and one storm water drainage basin will allow the petitioner a reasonable use of the property, and that the petitioner had failed to demonstrate a practical difficulty which would require the granting of the requested variances. Subsequently, the petitioner commenced this proceeding pursuant to CPLR article 78 contending that the Zoning Board's determination was arbitrary, capricious and contrary to law.

We note, initially, that the Supreme Court (Collins, J.), improperly transferred this proceeding to this court (see, Village Law § 7-712 [3]; Matter of Pacheco v De Salvo, 127 AD2d 597, 598). Nevertheless, this court will retain jurisdiction and decide the issues raised by the petitioner (see, Matter of Pacheco v De Salvo, supra, at 597; cf., Matter of Iannucci v Casey, 140 AD2d 343; Matter of Bravata's Carting v Town of Huntington, 120 AD2d 521, 522).

It is well settled that "local zoning boards have substantial discretion in considering applications for variances and that reviewing courts are limited to determining whether the action taken was illegal, arbitrary or an abuse of discretion" (Matter of Graziano v Scalafani, 143 AD2d 664, 665; see also, Matter of Fuhst v Foley, 45 NY2d 441, 444; Matter of Jurkiewicz v Zoning Bd. of Appeals, 143 AD2d 753, 754; Matter of Pacheco v De Salvo, 127 AD2d 597, 599, supra; Human Dev.

*Servs. v Zoning Bd. of Appeals,* 110 AD2d 135, 139, *affd* 67 NY2d 702). Although the term practical difficulties has not lent itself to rigid or precise definition *(see, Matter of Fuhst v Foley, supra,* at 441; *Human Dev. Servs. v Zoning Bd. of Appeals, supra,* at 110; *Matter of Pacheco v De Salvo, supra,* at 597), a petitioner, in order to establish practical difficulties in general, "must show that as a practical matter he cannot utilize his property or a structure thereon 'without coming into conflict with certain of the restrictions of the [zoning] ordinance' " *(Matter of Fuhst v Foley, supra,* at 445, quoting from 3 Rathkopf, Zoning and Planning, ch 45, § 1 [4th ed]; *see also, Matter of Consolidated Edison Co. v Hoffman,* 43 NY2d 598, 607; *Matter of Cowan v Kern,* 41 NY2d 591, 596; *Matter of Jurkiewicz v Zoning Bd. of Appeals, supra,* at 754; *Matter of Graziano v Scalafani, supra,* at 665; *Matter of Gottlieb v Board of Appeals,* 139 AD2d 617, 618). Moreover, "[b]efore the zoning authority is required to explain why the public health and welfare requires adherence to the zoning standard, the petitioner must first come forward with proof of significant economic injury" *(see, Matter of Cowan v Kern, supra,* at 596; *Human Dev. Servs. v Zoning Bd. of Appeals, supra,* at 110; *Matter of Pacheco v De Salvo, supra,* at 597; *Matter of Orchard Michael, Inc. v Falcon,* 110 AD2d 1048, *affd* 65 NY2d 1007). Significantly, "[t]he mere fact that the parcel could be used more profitably if the variance were granted is insufficient to warrant granting the petitioner's application" *(see, Matter of Graziano v Scalafani, supra,* at 666; *Matter of Iannucci v Casey,* 140 AD2d 343, 344; *Matter of Paniccia v Volker,* 133 AD2d 404, 406; *Matter of Cowan v Kern, supra,* at 396-397; *Human Dev. Servs. v Zoning Bd. of Appeals, supra,* at 139-140).

At bar, the petitioner has failed to carry its burden of establishing that the denial of its application for the requested variances will result in significant economic injury or practical difficulties. The petitioner presented no evidence whatsoever with respect to the economic implications of the denial of the variances. Furthermore, the record reveals that the denial of the variances will not place the petitioner in the position of being unable to utilize its property without coming into conflict with the relevant provisions of zoning ordinance *(see, Matter of Fuhst v Foley, supra,* at 441; *Matter of Paniccia v Volker, supra,* at 404; *Matter of Pacheco v De Salvo, supra,* at 597). It is undisputed that the petitioner will be able to develop a total of 12 lots on the parcel, 1 of which is located in the "tail" area where the variances were originally re-

quested. Although the lot located in the "tail" area is substantially larger than the other lots, the petitioner has not adduced proof suggesting that there exists no market for such a lot or that it will be unable to derive a profit from the development of the parcel without the requested variances *(see, Matter of Terra Homes v Rose,* 133 AD2d 764; *cf., Matter of Gottlieb v Zoning Bd. of Appeals, supra,* at 617). We note, moreover, that the dimension of the proposed lots to be developed if the variances were to be granted would result in roughly a 25% reduction in the lot depth requirement set forth in the zoning code, thereby constituting more than a de minimis variation *(see, Matter of National Merritt v Weist,* 41 NY2d 438, 441; *Human Dev. Servs. v Zoning Bd. of Appeals, supra,* at 139; *Carbone v Town of Bedford,* 144 AD2d 420, 422). Although the scope of the requested variance is only one factor to be considered in determining whether an area variance should be granted *(see, Matter of Cowan v Kern, supra,* at 597; *Conley v Town of Brookhaven Zoning Bd. of Appeals,* 40 NY2d 309, 315; *Carbone v Town of Bedford, supra,* at 420; *Matter of Human Dev. Servs. v Zoning Bd. of Appeals, supra,* at 139), this factor—in conjunction with the absence of significant economic injury and the petitioner's failure to establish practical difficulties in utilizing the property—provides an ample basis supporting the Zoning Board's exercise of discretion in denying the requested variances. Brown, J. P., Kooper, Harwood and Rosenblatt, JJ., concur.