■ SAMACO EAST, INC., et al., Appellants, v TOWN OF CLAY ZONING BOARD OF APPEALS, Respondent.—Judgment unanimously affirmed without costs. Memorandum: Petitioners sought to expand the seating capacity of their restaurant by constructing a greenhouse-type addition in front of the structure. They applied to respondent Board for an area variance permitting further encroachment on the arterial highway setback requirement of the zoning ordinance by 15 feet and encroachment on the front yard setback requirement by 7.5 feet. Petitioners presented evidence that, without the variance, business profits would remain steady or decline by as much as 15% and that, with the variance, profits would increase by 10%. They further asserted that, although the restaurant structure could be expanded to the rear, this alternative was not feasible because it would require relocation and reconstruction of the kitchen and would cost nearly $200,000 more than the proposed expansion in the front yard. The construction of an additional dining room in the rear was, in petitioners' view, impractical because that would involve

two separate dining rooms and increased managerial problems. Following a hearing and rehearing, respondent denied the application upon the ground that petitioners failed to demonstrate that strict application of the zoning ordinance will result in practical difficulties in the use of their property *(see, Matter of Fuhst v Foley,* 45 NY2d 441, 445). Supreme Court confirmed that determination.

There is no merit to petitioners' contentions that strict application of the ordinance would cause them significant economic injury or that the Board's finding that public safety and welfare warranted denial of an area variance was not supported by the evidence. The fact that property can obtain a greater profit with the requested variance is not a sufficient basis for the grant of an area variance *(see, Matter of Orchard Michael, Inc. v Falcon,* 110 AD2d 1048, *affd* 65 NY2d 1007; *Matter of CDK Rest. v Krucklin,* 118 AD2d 851). Moreover, the grant of an area variance is not required where the alleged difficulty may be avoided by resort to feasible alternatives *(see, Gottlieb v Board of Appeals,* 139 AD2d 617; *Matter of Wachsberger v Michalis,* 19 Misc 2d 909, 912). Respondent rejected petitioners' assertion that construction of two separate dining rooms was impractical and not feasible, concluding that petitioners' position amounted to no more than a business preference. We find that there was a rational basis for that conclusion and that the Board's determination should be upheld *(see, Gottlieb v Board of Appeals, supra).* Because petitioners failed to prove significant economic injury, the Board was not obliged to explain why the public health and welfare required adherence to the zoning ordinance *(see, Matter of Orchard Michael, Inc. v Falcon,* 110 AD2d 1048, *supra; Matter of McLaren v Schick,* 112 AD2d 732). (Appeal from judgment of Supreme Court, Onondaga County, Miller, J.—art 78.) Present—Dillon, P. J., Callahan, Green, Balio and Lowery, JJ.