■ In the Matter of CAMILLO R. GIANNATTASIO et al., Appellants, v JOHN GANSER et al., Constituting the Zoning Board of Appeals of the Village of Amityville, Respondents.—In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Zoning Board of Appeals of the Village of Amityville dated April 25, 1989, which, after a hearing, denied the petitioners' application for area variances, the appeal is from a judgment of the Supreme Court, Suffolk County (Hand, J.), dated November 1, 1989, which confirmed the determination and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

The subject real property is a corner parcel of approximately ¾ of an acre located in a single-family dwelling zone in the Village of Amityville. The property is presently improved by a two-family home by virtue of a variance granted to a prior owner. The petitioners purchased the property in December of 1987 and thereafter sought to subdivide the parcel into three smaller lots for the purpose of building two additional residences. They applied to the respondent Zoning Board of Appeals of the Village of Amityville for frontage variances for two of the proposed lots. The Board denied the application and the Supreme Court confirmed the determination.

In order to obtain area variances, the petitioners are re-

quired to demonstrate "practical difficulties", *i.e.*, that as a practical matter they cannot utilize the property without coming into conflict with local zoning ordinances *(see, Matter of Fuhst v Foley,* 45 NY2d 441; *Matter of Cowan v Kern,* 41 NY2d 591; *Matter of Graziano v Scalafani,* 143 AD2d 664). We agree with the finding by the Supreme Court that the petitioners failed to carry their burden.

First, there was no showing that the petitioners would suffer any significant economic injury as a result of the denial of the variances. At the hearing before the Board, the petitioners' real estate expert testified that the current value of the property was $180,000, but that as subdivided into three lots as proposed, the property would be worth approximately $330,000. However, considering that the property was purchased by the petitioners, all real estate professionals, just over one year earlier for $325,000, and there was no testimony of its value if subdivided into two lots in accordance with the ordinance, the Board properly discredited the expert's testimony. In any event, that property could be used more profitably if a variance were granted is insufficient to warrant granting the application *(see, Matter of Cowan v Kern, supra; Matter of National Merritt v Weist,* 41 NY2d 438; *Human Dev. Servs. v Zoning Bd. of Appeals,* 110 AD2d 135, *affd* 67 NY2d 702; *Matter of Bennett v Board of Review,* 158 AD2d 520; *Matter of Graziano v Scalafani, supra).* In this regard it is also significant that even without the requested variances, the petitioners have use of the existing two-family home on the undivided parcel or may subdivide the parcel into two conforming lots without the need for any area variance.

Furthermore, the hardships alleged by the petitioners, if any, were self-created. Their proposed subdivision called for a 76.4-foot frontage on the corner lot and a 64-foot frontage on an interior lot. At the time of the purchase, Village of Amityville Code § 183-56 (B) required a minimum of 100 feet of frontage on corner lots and Village of Amityville Code § 183-44 required 60 feet of frontage on interior lots, and there was in effect a moratorium on all subdivision building. Before the petitioners applied for the variances, Village of Amityville Code § 183-44 was amended to increase the minimum frontage on interior lots to 75 feet and to prohibit the creation of substandard lots from existing conforming parcels. The petitioners are chargeable with knowledge of the restrictions imposed upon them by the prevailing zoning ordinances. This is particularly true where, as here, the petitioners are real estate professionals who obviously purchased the property

with the intent to improve it *(see, Matter of Cowan v Kern,* 41 NY2d 519, *supra; Matter of National Merritt v Weist, supra).*

Finally, the zoning ordinances from which the petitioners seek a variance were enacted approximately one year after a moratorium on subdivisions was adopted and after a study by a commission specially appointed to address the locality's increasing concern with unbridled development. "[T]he public benefit to be gained by strict enforcement of the subject zoning restrictions outweighs any private detriment which might thereby be suffered by the petitioner[s]" *(Matter of Terra Homes v Rose,* 133 AD2d 764, 765; *see, Matter of De Sena v Board of Zoning Appeals,* 45 NY2d 105). Accordingly, the determination of the Zoning Board was properly confirmed.

We have considered the petitioners' remaining contentions and find them to be without merit. Balletta, J. P., Miller, O'Brien and Ritter, JJ., concur.