■ In the Matter of EDWARD J. KREUTER, Appellant, v ZONING BOARD OF APPEALS OF THE VILLAGE OF SCARSDALE, Respondent.—In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Village of Scarsdale, dated March 8, 1989, denying the petitioner's application for an area variance, after a hearing, the petitioner appeals from a judgment of the Supreme Court, Westchester County (Carey, J.), entered November 21, 1989, which dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

The petitioner purchased two adjoining parcels of land located in Scarsdale, New York, in 1985 for the price of $250,000. One parcel was improved with a house and the other was unimproved, and both were located in an R-4 zoning district. Thereafter, the petitioner sought to construct a house on the unimproved parcel but was required to apply for an area variance because the parcel failed to meet the general area and frontage requirements of the R-4 zone or of the limited exception provided by the Village of Scarsdale Zoning Code § 310-17 (A). The respondent denied the application, and its denial was confirmed by the Supreme Court, Westchester County.

The petitioner failed to show that strict compliance with the zoning laws would cause him "practical difficulties" *(Matter of Fuhst v Foley,* 45 NY2d 441, 445; *Conley v Town of Brookhaven Zoning Bd. of Appeals,* 40 NY2d 309, 314; *Matter of Spandorf v Board of Appeals,* 167 AD2d 546). The entire

parcel, consisting of Lots 61 and 62, has been successfully utilized for years as a single unit containing one residence. Indeed, the petitioner himself had used the residence for some four years prior to applying for the variance. The record shows that the property as a whole constitutes a valuable and useful parcel containing a desirable home with plenty of free space.

Furthermore, the petitioner also failed to show that he would suffer any "significant economic injury" *(Matter of Cowan v Kern,* 41 NY2d 591, 596) without the variance *(see, Matter of Hansen v Zoning Bd. of Appeals,* 158 AD2d 689, 690). " '[T]he mere fact that a parcel could be used more profitably if the variance were granted is insufficient to warrant granting the petitioner's application' " *(Matter of Vivest Bldg. Corp. v Auwarter,* 152 AD2d 582, 584, quoting *Matter of Graziano v Scalafani,* 143 AD2d 664, 666). The evidence submitted by the petitioner regarding the predominant value of the homes in the area revealed that homes similar to his were valued at about $350,000, some $100,000 more than the amount for which he purchased the combined Lots 61 and 62. Although the petitioner could improve Lot 62, sell it at a greater price, and turn a larger profit if granted the variance, this does not establish significant economic injury.

Accordingly, the respondent's denial was premised on a rational basis, was supported by substantial evidence and was neither arbitrary, illegal, nor an abuse of discretion *(see, Matter of Fuhst v Foley, supra; Conley v Town of Brookhaven Zoning Bd. of Appeals, supra).* Balletta, J. P., Miller, O'Brien and Ritter, JJ., concur.