■ In the Matter of ROBERT RALPH, Appellant, v ZONING BOARD OF APPEALS OF THE TOWN OF HUNTINGTON et al., Respondents.—In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Town of Huntington, dated September 7, 1989, which, after a hearing, granted the application of the respondents Steven and Mark Shulman for area variances, the petitioner appeals from a judgment of the Supreme Court, Suffolk County (Vaughn, J.), entered May 17, 1990, which confirmed the determination and dismissed the petition.

Ordered that the judgment is affirmed, with one bill of costs payable to the respondents appearing separately and filing separate briefs.

In June 1987 Steven and Mark Shulman applied for an area variance to erect a two-story, one-family dwelling with a deck on their property, which had been owned separately since before the 1934 zoning ordinance in the Town of Huntington was enacted. The application included a site plan which indicated that the deck would not exceed 800 square feet in area. By agreement dated May 24, 1988, the petitioner, who owned adjoining property, agreed not to oppose the variance application so long as the new house was built in accordance with the site plan. In exchange, the Shulmans paid the petitioner $20,000. On June 9, 1988, the respondent Board of Appeals of the Town of Huntington (hereinafter the Board) granted the variance. However, the deck ultimately built measured over 2,500 square feet. After they were cited for a violation of the zoning ordinance, the Shulmans applied for another variance, which was granted over the petitioner's objections.

It is fundamental that " 'local zoning boards have substantial discretion in considering applications for variances and that reviewing courts are limited to determining whether the action taken was illegal, arbitrary or an abuse of discretion' " *(Matter of Vivest Bldg. Corp. v Auwarter,* 152 AD2d 582, 583, citing *Matter of Graziano v Scalafani,* 143 AD2d 664, 665). The zoning board's determination will be sustained if the determination has a rational basis and is supported by substantial evidence *(see, Matter of Fuhst v Foley,* 45 NY2d 441, 444). In the instant case, the zoning application in question was considered pursuant to Huntington Town Code § 198-109 (e), which provides in pertinent part that the Board is empowered to "permit such variation of the yard, open space, lot area or lot width regulations as may be necessary to secure an appropriate improvement of a parcel of land where such parcel was separately owned or under contract of sale at the time of the passage of the 1934 Building Zone Ordinance of the Town of Huntington".

The Shulmans' real estate appraiser testified that the deck as presently constructed increased the value of the property in the neighborhood and had no adverse effect whatsoever. In addition, he stated that the deck was no closer to the petitioner's property than the deck in the original plan and that it did not obstruct the petitioner's view at all. He added that reconstructing the deck so as to make it comply with the original

conditions set forth by the Board would reduce the property's value by $100,000. While the petitioner's expert disputed his findings, it cannot be said that the granting of the variance was arbitrary and capricious or that the Board acted illegally in determining that the variance sought was necessary to secure an appropriate improvement of the premises (see, Matter of Fuhst v Foley, supra; Matter of Vivest Bldg. Corp. v Auwarter, supra). Bracken, J. P., Lawrence, Ritter and Copertino, JJ., concur.