■ In the Matter of HARISH K. MALHOTRA, Respondent, v TOWN OF BROOKHAVEN et al., Appellants.—In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Town of Brookhaven, dated November 29, 1989, which, after a hearing, denied the petitioner's application for a frontage variance, the Zoning Board of Appeals of the Town of Brookhaven appeals from a judgment of the Supreme Court, Suffolk County (Hand, J.), entered April 23, 1990, which granted the petition and annulled the determination.

Ordered that the judgment is reversed, on the law, with costs, the determination is confirmed, and the proceeding is dismissed on the merits.

The petitioner is the owner of a parcel of waterfront property located in the Town of Brookhaven which is presently improved by a one-family residence. He filed an application with the Zoning Board of Appeals of the Town of Brookhaven to subdivide the parcel into two separate lots in order to construct a dwelling on the smaller of the two lots, which would require related side-yard and frontage variances. The Zoning Board denied the petitioner's application after a hearing. The petitioner thereafter commenced this proceeding to review the determination. The Supreme Court granted the petition and remitted the matter to the Zoning Board for the purpose of issuing the required variances. We now reverse.

It is well settled that local zoning boards have substantial discretion in considering applications for variances and that judicial review is limited to determining whether the action taken by the board is illegal, arbitrary, or an abuse of discretion *(see, Matter of Fuhst v Foley, 45 NY2d 441; Conley v Town of Brookhaven Zoning Bd. of Appeals, 40 NY2d 309)*. The zoning board's determination will ordinarily be sustained if the determination has a rational basis and is supported by substantial evidence *(see, Matter of Fuhst v Foley, supra, at 444)*.

Since the petitioner sought an area variance, he was required to establish that the denial of the variance would result in either significant economic hardship or practical difficulty *(see, Matter of Cowan v Kern, 41 NY2d 591, 596)*. In determining whether significant economic injury would result,

the inquiry should focus upon the value of the parcel as presently zoned, rather than upon the value that the parcel would have if the variance were granted *(Matter of Cowan v Kern, supra,* at 597). The petitioner is required to show that his property will "not yield a reasonable return if the area standard restrictions are imposed" *(Matter of National Merritt v Weist,* 41 NY2d 438, 442). The petitioner failed to adduce the requisite proof, as the testimony of his real estate expert at the hearing established that the property, as presently zoned, had more than doubled in value since he purchased it in 1981. Proof that property could be used more profitably if a variance were granted is insufficient to warrant granting an application *(see, Matter of Cowan v Kern, supra; Matter of Giannattasio v Ganser,* 174 AD2d 567; *Matter of Kreuter v Zoning Bd. of Appeals,* 174 AD2d 569; *Matter of Koster Keunen v Scheyer,* 156 AD2d 563).

Furthermore, the petitioner failed to show that a literal application of the zoning regulations to his land would result in practical difficulty, i.e., that as a practical matter he could not utilize his property without coming into conflict with the zoning ordinances *(see, Matter of Kransteuber v Scheyer,* 80 NY2d 783, *affg* 176 AD2d 724; *Matter of Fuhst v Foley, supra,* at 445). The undivided parcel has been the site of a single-family residence for approximately 25 years, and the petitioner has had use of that residence since he purchased the property *(see, Matter of Giannattasio v Ganser, supra; Matter of Kreuter v Zoning Bd. of Appeals, supra; Matter of Pacheco v De Salvo,* 127 AD2d 597).

Finally, the petitioner is presumed to have had knowledge of the applicable zoning regulations at the time he purchased the property. The Zoning Board could properly consider the fact that the petitioner's alleged difficulties were self-created in deciding to deny his application for an area variance *(see, Matter of National Merritt v Weist, supra,* at 442; *Conley v Town of Brookhaven Zoning Bd. of Appeals, supra,* at 315).

We conclude that the determination of the Zoning Board was supported by substantial evidence, was neither arbitrary nor capricious, and should be confirmed. Bracken, J. P., Sullivan, O'Brien and Ritter, JJ., concur.