■ In the Matter of SOUNDSIDE ESTATES, INC., Appellant, v BOARD OF ZONING APPEALS OF THE CITY OF GLEN COVE, Respondent.—In a proceeding pursuant to CPLR article 78 to review a determination of the Board of Zoning Appeals of the City of Glen Cove, dated August 21, 1989, denying the petitioner's application for area variances, the petitioner appeals from a judgment of the Supreme Court, Nassau County (Kutner, J.), entered October 5, 1990, which dismissed the petition.

Ordered that the judgment is affirmed, with costs.

In July 1988 the petitioner purchased the subject property at 5 Landing Road in the City of Glen Cove for about $315,000. The parcel is a 27,217 square-foot lot improved with a one-family residence and a detached two-car garage. The property is located in an R-4 Residence District, which allows one-family residences on lots having minimum lot area of 6,500 square feet, and two-family homes on 7,500 square foot lots. A lot width of 75 feet is required at the set-back line for two-family homes; 65 feet is required for single-family homes.

Shortly after purchasing the parcel, the petitioner applied to subdivide its property and to erect two two-family residences. The developer further requested a variance of the 75 foot lot width requirement in order to construct two homes with approximately 55 foot lot widths at the set-back line. Otherwise, each proposed residence would satisfy the remaining requirements of the zoning code. After a hearing, the respondent zoning board denied the petitioner's application on the ground, *inter alia,* that the petitioner failed to establish proof of significant economic injury and practical difficulties.

It is well settled that local zoning boards have substantial discretion in considering applications for variances and that judicial review is limited to determining whether the action taken by the board is illegal, arbitrary, or an abuse of discretion *(see, Matter of Fuhst v Foley,* 45 NY2d 441; *Conley v Town of Brookhaven Zoning Bd. of Appeals,* 40 NY2d 309). The zoning board's determination will ordinarily be sustained if the determination has a rational basis and is supported by

substantial evidence *(see, Matter of Fuhst v Foley, supra,* at 444).

Since the petitioner sought area variances, it was required to establish that the denial of the variances would result in either significant economic hardship or practical difficulty *(see, Matter of Cowan v Kern,* 41 NY2d 591, 596). First, in determining whether significant economic injury would result, the inquiry should properly focus upon the value of the parcel as presently zoned, rather than upon the value that the parcel would have if the variance were granted *(Matter of Cowan v Kern, supra,* at 597). The petitioner is required to show that its property will "not yield a reasonable return if the area standard restrictions are imposed" *(Matter of National Merritt v Weist,* 41 NY2d 438, 442). The petitioner failed to adduce the requisite proof. The testimony of its real estate expert at the hearing established that the value of the property, as presently zoned, had merely declined in value since the petitioner purchased it in 1988. Proof that property could be used more profitably if a variance were granted is insufficient to warrant granting an application *(see, Matter of Doyle v Amster,* 79 NY2d 592, 596; *Matter of Cowan v Kern, supra; Matter of Giannattasio v Ganser,* 174 AD2d 567; *Matter of Koster Keunen v Scheyer,* 156 AD2d 563).

Furthermore, the petitioner failed to show that a literal application of the zoning regulations to its property would result in practical difficulty, i.e., that as a practical matter it could not utilize its property without coming into conflict with the zoning ordinances *(see, Matter of Fuhst v Foley, supra,* at 445). The undivided parcel has been the site of a single-family residence since its original construction, and the petitioner has had use of that residence since he purchased the property *(see, Matter of Giannattasio v Ganser, supra; Barrett v Rose,* 152 AD2d 525; *Matter of Pacheco v De Salvo,* 127 AD2d 597). The petitioner is presumed to have had knowledge of the applicable zoning regulations at the time it purchased the property. The zoning board could properly consider the fact that the petitioner's alleged difficulties were self-created in denying its application for area variances *(see, Matter of National Merritt v Weist, supra,* 41 NY2d, at 442; *Conley v Town of Brookhaven Zoning Bd. of Appeals, supra,* 40 NY2d, at 315).

Finally, we note that the Board proposed an alternative variance which would allow the petitioner to subdivide the property and construct two single-family dwellings, and stated that inasmuch as the width requirement for single-family

dwellings is only 65 feet, this proposed variance would be less burdensome on both the zoning code and the surrounding property owners.

Since the determination of the zoning board was supported by substantial evidence and was neither arbitrary nor capricious, it was properly confirmed by the Supreme Court. Rosenblatt, J. P., Ritter, Pizzuto and Santucci, JJ., concur.