■ In the Matter of HERBERT BIENSTOCK et al., Appellants, v ZONING BOARD OF APPEALS OF THE TOWN OF EAST HAMPTON,

et al., Respondents.—In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Town of East Hampton, dated April 10, 1990, which, *inter alia,* denied the petitioners' application for an area variance and a Natural Resources Special Permit to build a swimming pool, the petitioners appeal from a judgment of the Supreme Court, Suffolk County (Leis, J.), dated October 3, 1990, which dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

The petitioners own a parcel of waterfront property in the Town of East Hampton which is presently improved by a one-family residence. They filed an application with the Zoning Board of Appeals of the Town of East Hampton (hereinafter the Zoning Board) for an area variance and a Natural Resources Special Permit to build a swimming pool on their property. The Zoning Board denied the application after finding that the petitioners had not established practical difficulties or special and unique circumstances warranting the granting of a variance, and that they had not met the standards necessary for the issuance of a Natural Resources Special Permit. Contrary to the petitioners' assertions, the Zoning Board's determination was not arbitrary and capricious and was supported by the record.

It is well settled that local zoning boards have discretion in considering applications for variances and that judicial review is limited to determining whether the action taken by the board is illegal, arbitrary and capricious, or an abuse of discretion *(see, Matter of Malhotra v Town of Brookhaven,* 185 AD2d 817; *Matter of Fuhst v Foley,* 45 NY2d 441, 444). The Zoning Board's determination will ordinarily be sustained if the determination has a rational basis. It is incumbent upon an applicant for an area variance to demonstrate that " 'strict compliance with the zoning ordinance will result in practical difficulties' " *(Matter of Fuhst v Foley, supra,* at 445, citing *Conley v Town of Brookhaven Zoning Bd. of Appeals,* 40 NY2d 309). While there is no precise definition of the term "practical difficulties", in general, the "petitioner must show that as a practical matter he cannot utilize his property or a structure located thereon 'without coming into conflict with certain of the restrictions of the zoning ordinance' " *(Matter of Fuhst v Foley, supra,* at 445, quoting from 3 Rathkopf, Law of Zoning and Planning, ch 45, § 1 [4th ed]; *Matter of Grace v Palermo,* 182 AD2d 820).

The petitioners may continue to use the dwelling on their

property. Under these circumstances, the petitioners are hard-pressed to establish "practical difficulties" *(see, Matter of Fromer v Citrin,* 187 AD2d 588 [decided herewith]; *Matter of Malhotra v Town of Brookhaven, supra; Matter of Pacheco v De Salvo,* 127 AD2d 597). The record indicates that they desire to build a swimming pool because they feel that it is significant to their enjoyment of their house and property. Under the circumstances presented, their desire is one of a personal nature, tenuously related to their use of the property as a one-family residence, and does not form the basis of a "practical difficulty". "Only in rare circumstances * * * may problems of a personal nature possibly constitute 'practical difficulties' to the landowner, therefore justifying the issuance of an area variance" *(Matter of Fuhst v Foley, supra,* at 446). Given the facts of this case, the petitioners did not qualify for an area variance, and the Zoning Board's denial of their application had a rational basis.

In light of our determination, the petitioners' assertion concerning the adequacy of the reasons for the denial of the Natural Resources Special Permit is academic. We note, in any event, that the applicants failed to sufficiently demonstrate that the relevant standards enunciated in the Town of East Hampton Code § 153-5-40 could be complied with *(see, Matter of Dausey v Kelley,* 137 AD2d 686). Therefore, the record supports the denial of that permit. Thompson, J. P., Eiber, Copertino and Pizzuto, JJ., concur.