■ In the Matter of ROBERT L. FROMER et al., Respondents, v HAROLD CITRIN et al., Appellants.—In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Village of Kings Point, dated January 9, 1990, which denied the petitioners' application for a vari-

ance, the appeal is from a judgment of the Supreme Court, Nassau County (Yachnin, J.), entered June 21, 1991, which granted the petition, annulled the determination, and granted the petitioners a variance.

Ordered that the judgment is reversed, on the law, with costs, the determination is confirmed, and the proceeding is dismissed on the merits.

The Zoning Board of Appeals of the Village of Kings Point denied the petitioners' application for a variance which would have permitted them to maintain a fence around their property that exceeded the height restriction in the village ordinance. It is well settled that local zoning boards have substantial discretion in considering applications for variances and that judicial review is limited to determining whether the action taken by the board is illegal, arbitrary, or an abuse of discretion *(see, Matter of Fuhst v Foley,* 45 NY2d 441; *Conley v Town of Brookhaven Zoning Bd. of Appeals,* 40 NY2d 309). An applicant for an area variance must demonstrate that, as a practical matter, the property cannot be utilized without coming into conflict with the restrictions in the zoning ordinance *(see, Matter of Fuhst v Foley, supra).* The petitioners failed to meet that burden, as the property was and still could be used for their residence. The request for a variance was motivated by their desire for increased security, and such personal objectives rarely constitute "practical difficulties" *(see, Matter of Fuhst v Foley, supra).* Mangano, P. J., Sullivan, Balletta and O'Brien, JJ., concur.