■ In the Matter of BENEDICT LARSON, Respondent, v RICHARD S. FERNAN et al., Appellants. [609 NYS2d 23] —In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Town of Southampton, dated January 3, 1991, which, after a hearing, denied the petitioner's application for an area variance, the appeal is from a judgment of the Supreme Court, Suffolk County (Rohl, J.), dated January 13, 1992, which granted the petition and annulled the determination.

Ordered that the judgment is reversed, on the law, with costs, the determination is confirmed, and the proceeding is dismissed on the merits.

The Zoning Board of Appeals of the Town of Southampton denied the petitioner's application for a variance which would have allowed him to subdivide his property and construct a one-family dwelling on the resulting substandard lot. The petitioner wished to provide a home for his daughter and her family.

It is well established that local zoning boards have substantial discretion in considering applications for variances, and that judicial review is limited to determining whether the board's action is illegal, arbitrary, or an abuse of discretion *(see, Matter of Fuhst v Foley,* 45 NY2d 441; *Conley v Town of Brookhaven Zoning Bd. of Appeals,* 40 NY2d 309). The zoning board's determination will ordinarily be upheld if the determination has a rational basis and is supported by the record *(see, Matter of Fuhst v Foley, supra,* at 444).

The undivided property is already improved with a residential dwelling and a marina facility. Having resided on the property in excess of 35 years, the petitioner failed to prove that application of the zoning regulations to his property would result in "practical difficulty," i.e., that he cannot utilize his property without coming into conflict with the zoning regulations *(Matter of Fuhst v Foley, supra,* at 444; *Matter of Fromer v Citrin,* 187 AD2d 588; *Matter of Malhotra v Town of Brookhaven,* 185 AD2d 817). The petitioner's desire to provide a home for his daughter and her family is a

personal objective which does not constitute "practical difficulty" *(Matter of Fuhst v Foley, supra,* at 444; *Matter of Fromer v Citrin, supra).* Therefore, the board's determination is supported by the record. Miller, J. P., Copertino, Santucci and Goldstein, JJ., concur.